*FLOWER vs. HAGAN & CO.—JONES, APP'T.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A co-defendant, although he reside in a different parish, must answer in that where the suit is brought.

Nothing prevents a suit being brought for the surrender of a note not sued on.

The defendants, residing in different districts, were made parties to this suit, the object of which was to obtain the cancelling of a note which the firm of W. & D. Flower had executed to Hagan & Co., and which Jones was attempting to off-sett against a judgment rendered against him at the suit of the Messrs. Flowers, in the parish of St. Tammany.

The petition stated that the note came into the possession of Jones, long after it was due, fraudulently and without consideration. That Hagan & Co. were the real owners, and indebted to the firm of W. & D. Flower. Service of the petition and citation was made upon Jones, who failing to appear, a judgment by default was taken, which was afterwards made final, and from which Jones appealed.

*Pierce*, for appellant, assigned for error apparent:

1. The appellant is parish judge of the parish of St. Tammany—and should be so known to the judge, and that he had there his domicil.—Article 162 of the Code of

Eastern District
February 1831.

FLOWER
vs.
HAGAN ET AL.
Jones app't.

Practice, says that one *must* be sued before his own judge, i. e. before the judge of the place of his domicil, and this case does not come within the only exceptions now allowed. —*C. P. art.* 163, 164, 165, 166, 167.

2. The action is not maintainable—the suit is to have a note returned, which is not sued upon.

*Hennen,* contra :

1. The appellant, although residing out of the first judicial district, was legally cited and bound to answer, as his co-defendants resided in the first judicial district.

2. He did not decline the jurisdiction of the court.

*Martin, J.* delivered the opinion of the court.

Jones, the appellant, assigns as error apparent on the face of the record :

1. That he is judge of the parish of St. Tammany, and should, as such, be known to the judge of the first district, and he has his domicil in said parish. He, therefore, is sueable there only—Code of Practice, 162—as he does not come within any of the exceptions in the Code.

2. The action is not maintainable, being brought for the surrender of a note, which is not sued on.

*A co-defendant although he reside in a different parish must answer in that where the suit is brought.*

The appellant did not plead his commorency. If he had, it would have been of no avail, as his co-defendants were residents of the parish in which the suit was brought.

*Nothing prevents a suit being bro't for the surrender of a note not sued on.*

Nothing prevents a suit being brought for the surrender of a note not sued on.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

### SAME CAUSE ON A REHEARING.

Nothing can be assigned as *error of law* which could have been cured by evidence legally given at the trial.

Without a statement of facts the Supreme Court cannot know what evidence was introduced, and are bound to presume, until the contrary is

shown, that the judgment below was rendered under those circumstances, and with that evidence which made it correct and legal.

Eastern District,
*February* 1831.

FLOWER
*vs.*
HAGAN ET AL.
*Jones, appellant.*

Pleading to the merits is only one way of giving jurisdiction to the court. Issue joined on any other matter, unless where the incompetency of the judge is absolute, will have the same effect.

*Porter, J.*, on a rehearing, delivered the opinion of the court.

This case was decided last Summer just before the adjournment of the court, but a rehearing has been granted on the application of the appellant.

We have heard his counsel, who contends that on an obligation which is *joint* and *several*, there is no *joint* remedy where the parties live in different parishes.

We waive the final settlement of this question, until a case arises which will render the examination and decision of it necessary.

The present is not such a one. On the last argument, the counsel for the appellee has drawn our attention to the manner the cause comes before us. There is no statement of facts, and the appellant relies alone on an error of law appearing on the face of the record.

That error is, that the defendant, Jones, is sued in a different parish from that in which he resides.

It is the settled jurisprudence of this court, that nothing can be assigned as *error of law*, which could have been cured by evidence legally given on the trial, and this for the most obvious reason. Without a statement of facts, we cannot know what proof was adduced, and we are bound to presume, until the contrary is shewn, that the judgment below was rendered under those circumstances, and with that evidence which made it legal and correct.

The application of this rule to the case now under consideration, shews at once the impossibility of reversing the judgment.

Our legislature has adopted the principle of the Spanish law, that a judgment by default presents a species of the

Nothing can be assigned as error of law which could have been cured by evidence legally given at the trial.

Without a statement of facts the supreme court cannot know what evidence was introduced, and are bound to presume until the contrary is shown, that the judgment below was rendered under those circumstances, and with that evidence which made it correct and legal.

B2

Eastern District. *contestatio litis*, and hence the Code of Practice requires
February, 1831. proof to be adduced, before the judgment can be made

FLOWER    final.
*vs.*
HAGAN ET AL.    Now it is clear, proof might have been legally introduced
Jones app't.    in this instance, to enable the court below to give judgment
against the defendant.    Its jurisdiction over the *subject mat-*
*ter* is not contested.    The alleged defect is in relation to the
*person.*    The personal privilege might be waived, and evi-
dence of the consent to let the court decide on the matters
arising out of the petition, might have been given.    Counsel,
Pleading to the indeed, have read from the Code of Practice, an article to
merits is only one
way of giving ju- shew, that nothing but a plea to the merits will waive a de-
risdiction to the
court.   Issue join- fect as to the jurisdiction; but that article, taken in connexion
ed on any other
matter,      unless with others in the same work, shews that pleading to the
were the incompe-
tency of the judge merits is only one way of the defendants consenting to give
is absolute, will the court jurisdiction.    Issue joined on any other matter, un-
have the same ef-
fect.      less where the incompetency of the judge was absolute,
would have the same effect, and express consent would be
stronger than either.—*Code of Practice* 93, 333.

The probability or improbability of such proof having
been given, does not affect, in the slightest degree, the
soundness of this conclusion.    If it could have been given,
legally giving it is sufficient.

Our former judgment, therefore, does not require to be
changed.