## GODEAU *vs.* PHILLIPS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

A settler by virtue of a pre-emption right who enters the land, and makes
a payment according to law, cannot be ousted by a sale of the same tract
to a subsequent purchaser, unless the settler failed to make the subse-
quent payment: The forfeiture that might have arisen from that circum-
stance is waived by the law of May 4th, 1826.

In a case where the register of the land office was interrogated, and in his
deposition and answers to interrogatories embodied a letter received by
him from the commissioner of the general land office relating to the title
of the land in contest between the parties, it was held admissible in evi-
dence, to prove *rem ipsam*, that is to say that it had been written, and the
agent of the vendor had ordered the payment of the purchase money.

This suit is brought by the plaintiff to be quieted in his title
to a fraction of a section of land, which he alleges is claimed
by the defendant, who has cut and destroyed much of his
timber. He prays for damages. The plaintiff claims his title
to the land by purchase from the United States, as evidenced

WESTERN DIST.
*October*, 1831.

GODEAU
*vs.*
PHILLIPS.

by the register's certificate. He alleges that he has been in possession for ten and fifteen years.

The defendant denied that the plaintiff's title was valid, alleging that he had obtained it through fraud, by representing and producing false testimony of a pre-emption right which induced the register to issue a certificate of purchase through error.

He sets up title in himself by purchase from the government of the United States; and prays the confirmation of it.

He produced the register's certificate of purchase, dated 25th of April, 1827, and a patent for the same dated 20th September, 1827.

The testimony of the register of the land office at Opelousas showed that Godeau purchased a section numbered 15, in 1818, which he afterwards fully paid for; and that subsequently in 1827, Jenkin Phillips came to the office, and on looking at the township map; the name of Godeau appeared to be erased from No. 15 and put on No. 16. Phillips observed if that was the case he would buy No. 15 and drive the Godeaus off, as he knew they had their improvements on it. He was permitted by the register to make this purchase. The register discovering his mistake, wrote to the commissioner of the general land office and received a letter in reply, directing him to correct it, and give the land in No. 15 to Godeau. This letter was embodied in the register's answers to interrogatories, and its admission objected to, but overruled. A bill of exceptions was taken. The plaintiff had judgment. The defendant appealed.

*Flint*, for the plaintiff.

1. We are entitled to recover possession of the land in dispute, and have entered it in the proper office, paid the purchase money and received the register's certificate and a patent thereon.

2. That the entry and payment of the land in question was done in conformity to the act of Congress of 1826, which confers a valid title on the plaintiff.

3. The plaintiff has been in peaceable possession of the land for more than fifteen years.

*Boyce,* for defendant.

1. The defendant is in possession, and bought the land after it was offered at public sale. His title is good, and he ought not to be disturbed.

2. The plaintiff obtained a right of pre-emption in 1818 by fraud and perjury;' for it appears from the evidence, that he was not settled on the land in dispute as early as 1814, and was not entitled, under the law, to a pre-emption right, and consequently ought not to recover. *Land Laws of the United States,* 458.

3. That even if his pre-emption had been fairly obtained in the first instance, it was forfeited and annexed to the public domain in November, 1823. He was bound to apply a certain period before the township was offered for sale, by the original pre-emption law. The second law gave no greater rights; and as he did not apply before the township was offered for sale, it was too late afterwards.

*Porter, J.* delivered the opinion of the court.

This is a petitory action. Both parties claim under a purchase made from the government of the United States, the fractional section No. 15, in township No. 2, south, in range No. 4, east, agreeably to the township plat returned by the United States surveyor to the land office at Opelousas. The plaintiff's purchase was made under the laws of the United States, according pre-emptions to settlers on public lands; and the act of the fourth of May, 1826, extending the time of payment to persons so circumstanced. The defendant bought under the statute passed by Congress on the third of March, 1811, the tenth section of which authorises the register to dispose of at private sale, any lands that remained unsold, after having been offered at public auction. The plaintiff obtained from the government of the United States a patent, which he produced and gave in evidence. The defendant's title was carried no farther than the payment of

the purchase money and the register's receipt.    See *United States Land Laws*, 591, 653, 631, 904.

The defendant, in addition to the plea of the general issue, and the assertion of title in himself, charged the plaintiff, in the answer, with having obtained his pre-emption right by fraud and through false testimony.    The testimony introduced on that head on the trial is contradictory.    The jury who tried the cause seemed by their verdict to have considered it to preponderate in favor of the plaintiff, and we cannot say we are dissatisfied with their conclusion.    This part of the case disposed of, we have next to examine which of the parties have the best title in law to the premises.

*A settler by virtue of a pre-emption right who enters the land, and makes a payment according to law, cannot be ousted by a sale of the same tract to a subsequent purchaser, unless the settler failed to make the subsequent payment: The forfeiture that might have arisen from that circumstance, as waived by the law of May 4th, 1826.*

The defendant's purchase was made and completed by the payment of the price, on the 22d of February, 1827.    The plaintiff made his first payment on his pre-emption entry on the 18th November, 1818; but did not pay the balance due thereon until the 25th April, 1827.    The township in which the *locus in quo* is situated, had been previously to the defendant's purchase offered for sale by order of the President of the United States.    The acts of Congress which conferred on the settlers on public lands a pre-emption right, vested a legal title in the buyer, as soon as the purchase was made, and the money paid according to the conditions prescribed in those acts.    And the title thus acquired could not be legally divested, unless the settlers failed to make the subsequent payments conformable to law.    Any forfeiture that could have arisen from that circumstance in the present instance, has been waived by the act of Congress of May 4th, 1826; and of this law the plaintiff has availed himself.

The defendant however contends, that his purchase being complete previous to that of the plaintiff, his title is a better one.    The opinion we have just expressed on the right which the settler acquires by the law granting him a pre-emption, sufficiently answers this pretension.    The government of the United States could not, even had they desired to do so, have taken the land from the settler, who, under the faith of acts of Congress, entered the portion of the public land which he was permitted to acquire, and paid for it.    But in the present

case no such intention existed on their part. It is proved beyond doubt, that the sale to the defendant originated in the error of the register. He thought the plaintiff had entered the fractional section 16, instead of 15. The former could not have been legally entered, it being that which is reserved by law for the use of public schools; and the latter, it is clearly shown, is the section on which the plaintiff was settled, which he entered, and for which he made a payment so far back as the year 1818.

And these remarks bring us to a bill of exceptions taken on the trial by the defendant, which would have been noticed earlier, had we not conceived it would be better understood after the case was gone through on the merits. The register at Opelousas, as soon as he discovered the mistake which he had made in selling the land to the defendant, wrote to the commissioner of the general land office at Washington, stating the fact, and recommending the sale should be annulled. The commissioner immediately answered him, declaring the purchase to be illegal, and directed the money to be returned to the defendant. The testimony of the register at Opelousas was taken, by deposition, and in his answer to the interrogatories propounded to him, he gave a transcript of this letter from the office at Washington. This portion of the deposition was objected to because the statements therein contained were not sworn to. The judge overruled the objection, and we think correctly. The plaintiff had a right to introduce the letter to prove *rem ipsam,* that is to say, that it had been written, and that the agent of the vendor had ordered the repayment of the purchase money. The opinions contained in it could not affect the cause, and did not prevent the plaintiff from availing himself of that part of it which was legal evidence. If the defendant deemed it important, expressly to exclude from the jury those matters in the letter which were irrelevant or improper to be laid before them, he should specially have objected, on that ground, and prayed the judge's instructions to the jury accordingly.

In a case where the register of the land office was interrogated and in his deposition and answers to interrogatories embodied a letter received by him from the commissioner of the general land office relating to the title of the land in contest between the parties, it was held admissible in evidence, to prove *rem ipsam,* that is to say that it had been written, & the agent of the vendor had ordered the payment of the purchase money.

There is another bill of exception which, from no notice being taken of it in argument, we presume was abandoned.

WESTERN DIST.
October, 1831.

We have looked into it, and a decision either way on the question which it presents could not, it appears to us, affect the case on its merits.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.