EASTERN DIST.
*March*, 1832.

LOVE
*vs.*
BANKS.

Where property has been fraudulently alienated—if it be subsequently sold by the sheriff for the vendor's debts, the purchaser at that sale and who was not a creditor of the vendor, cannot attack the conveyance.

## LOVE *vs.* BANKS.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE THEREOF PRESIDING.

Where all the testimony does not come up with the record, the Supreme Court will not reverse the judgment for defects in the evidence, which might have been cured by the absent testimony.

A judge is not authorised to cite parties before him, and try a cause at chambers.

The only difference between the summary and ordinary trial, is, that the former need not wait its regular term on the docket, but that any, and an early day may be selected, and that a jury is not required.

The provisions of the Code of Practice, with regard to summary trials, were intended solely for the courts of New-Orleans.

The facts, in this case, are fully stated in the opinion of the court, delivered by *Porter, J.*

This is an appeal from a judgment dissolving an injunction, which the plaintiff obtained against an order of seizure and sale, the defendant had taken out against his property.   The court below, after a hearing of the parties at chambers, dissolved the injunction, and the plaintiff appealed.

He has contended in this court, " that the order of seizure and sale could not be granted, as it was not alleged or proven, that demand at the United States Bank of New Orleans, was ever made for payment of the notes sued on, and they were made payable there."

" Because these notes were not produced."

" Because the accounts annexed to the petition, show that more than twelve thousand dollars have been paid to the plaintiffs, who should have imputed the payments to the most onerous debts."

These objections might have been removed by evidence given on the trial, and the record does not come before us in such a shape, as enables us to look into the merits.   The clerk certifies the transcript contains all the proof adduced, except the testimony of two witnesses, which was not reduced to writing.   We cannot know what these witnesses proved ; and, of course, we cannot reverse the judgment for defects in evidence, which their testimony might have cured.

Where all the testimony does not come up with the record, the Supreme Court will not reverse the judgment for defects in the evidence, which might have been cured by the absent testimony.

Our attention, therefore, must be confined to the bills of exceptions, which appear on record.

The injunction was granted on the fourteenth of July.   On the fifteenth, notice was served on the plaintiff's attorney, to show cause, on the next day, why the injunction should not be dissolved, and requiring him to adduce proof, on that day, in support of the allegations in the petition.   On the sixteenth, pursuant to this notice, the cause was tried " at a court of chambers," as it is called in the record, and the injunction was dissolved.

The suit, from its commencement to its termination, lasted three days.   The attorney for the plaintiff objected to going into the trial, and insisted, he was entitled to ten days notice. The court overruled the objection, and an exception to its opinion was taken, and appears on record.

EASTERN DIST.
*March*, 1832.

LOVE
*vs.*
BANKS.

The regularity of the proceeding has been sustained on provisions, contained in the Code of Practice.

The 741st article declares, that "the plaintiff may compel the defendant to prove, in a summary manner, before the judge, the truth of the facts alleged in the opposition."

The 756th article provides, that "the cases which are to be decided, in a summary manner, shall not be set down on the ordinary docket of suits, but are decided on days fixed for the purpose, and in a speedy manner, conformably to such special rules, as each court may establish on the subject."

The 757th article enacts, that "these cases are decided without the intervention of a jury."

*A judge is not authorised to cite parties before him and try a cause at chambers.*

We see nothing in these provisions, which authorises a judge to cite parties before him, and try a cause at his chambers. The law has appointed particular times and places for the hearing of cases in each parish. The terms of the court are fixed, on reasons of utility to the public, and for the convenience of suitors. The inconveniences attending the practice pursued in this instance, are so weighty and numerous, that without an express declaration of legislative will, we cannot presume such a course of proceeding was contemplated. The code, in treating of summary trial, does not give the slightest intimation, that courts were to be held for the trial of particular cases. The only difference, we can gather between this and the ordinary trial, is, that the cause need not wait its turn on the docket, that any and an early day, may be selected for hearing it, and that a jury is not required. These provisions of our Code of Practice, were, no doubt, made with the attention of the framer directed solely to the courts of New-Orleans, where the tribunals of justice are almost constantly in session, and they do not expedite much the trial of cases in the country. But this delay does *not* authorise, in our opinion, court being held at any other period than that fixed by law, or by the adjournment of the court.

*The only difference between the summary and ordinary trial, is, that the former need not wait its regular term on the docket, but that any, and an early day may be selected, and that a jury is not required.*

*The provisions of the Code of Practice, with regard to summary trials, were intended solely for the courts of New-Orleans.*

The plaintiff did not object to the right of the judge to try the cause, but he objected to his right to do so, without ten days notice. Admitting this consent conferred jurisdiction, which is doubtful, it did not authorise a trial at any other time.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed : And it is further ordered, adjudged and decreed, that the cause be remanded, to be proceeded in, according to law, the appellee paying the costs of this appeal.