ALLEN *vs.* PEYTAVIN.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the defendant assigned for error, that the case was taken up and tried *ex parte*, without notice to him, and without it appearing to have been fixed for trial during term time: *Held*, that it is to be presumed the court proceeded according to law, and its rules of practice, until the contrary is shown.

The reasons given for a judgment, that "the law and evidence are in favor of the plaintiff," are sufficient to make it valid and constitutional. No particular law is required to be cited.

The defendant cannot complain that the judgment does not conform to the prayer of the petition when it is given for a less sum than was asked. Such a complaint would come with a better grace from the plaintiff.

EASTERN DIST:
June, 1836.

ALLEN
vs.
PEYTAVIN.

This is an action on an account, annexed, for professional services in the capacity of an attorney at law.

The plaintiff alleges that the defendant owes him the sum of fifteen hundred and ten dollars for professional services rendered during the three preceding years, in the courts of the two parishes of Ascension and Assumption. He prays judgment for said sum.

The defendant denied generally the allegations in the petition.

There is no evidence in the record, except the pleadings. The district judge decided that "the plaintiff having proved the allegations in his petition, and the law and evidence being in his favor," he is entitled to judgment for thirteen hundred and twelve dollars and costs of suit.

The defendant appealed from this judgment, and assigned matter for error as apparent on the face of the record, as stated in the opinion of the court.

*Roselius,* for the appellant.

No counsel appeared for the appellee.

*Bullard, J.* delivered the opinion of the court.

The appellant claims the reversal of a judgment rendered against him on errors assigned by him as apparent on the face of the record.

1. That the case appears to have been taken up and tried *ex parte,* without notice to the defendant, and it does not appear that it was fixed for trial during term time.

2. That no law was cited by the judge, nor sufficient reasons given for a judgment rendered contradictorily.

3. The judgment is not in conformity with the conclusions and prayer of the petition.

I. With respect to the first assignment of errors, we are of opinion, that we cannot presume that the trial took place out of term time. The case was at issue, and the judgment is regularly signed by the presiding judge. It is to be presumed

Where the defendant assigned for error, that the case was taken up and tried *ex parte,* without notice to him, and without it appearing to have been fixed for trial during term time: *Held,* that it is to be presumed the court proceeded according to law and its rules of practice, until the contrary is shown. The reasons given for the judgment. that the law and evi-

The defendant cannot complain that the judgment does not conform to the prayer of the petition, when it is given for a less sum than was asked. Such a complaint would come with a better grace from the plaintiff.

that the court proceeded according to law, and its rules of practice, until the contrary is made apparent.

II. The reason given for the judgment is, that the law and the evidence are in favor of the plaintiff. It is true no particular law is cited by the judge, and this court has often ruled that reference to a particular law is not essential to the validity of a judgment; but it would be difficult to imagine a better reason for condemning the defendant, than that the law and evidence are both against him. 4 *Martin,* 463, 316. 5 *Ibid.,* 202.

III. The plaintiff sued for a larger sum than that for which judgment was rendered ; and the appellant lastly complains that the judgment does not conform to the prayer of the petition. Such a complaint would come with a better grace from the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.