COX vs. BETHANY.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The presumption that the holder of a note made payable to bearer, or endorsed in blank, when made in negotiable form, is the rightful owner, is *primâ facie* evidence of title in such holder, in ordinary cases, and yields only to contrary proof.

But the presumption of title in the holder of a note ceases when he is one of two or more co-obligees, because they cannot all possess the note individually.

Notes or instruments made payable to two or more payees or obligees, held by one of them, he must be considered as holder for all, unless it be shown he has acquired by transfer, the rights of his co-obligees.

An assignment of errors cannot be made against the allegations in the petition which may have been supported by legal evidence. They must, when there is no statement of facts, nor evidence produced, or in the record, be taken as true in such cases.

A new trial should not be granted on an affidavit of newly discovered evidence since the first trial, when the facts disclosed relate to matters which have not been pleaded.

This is an action founded on two promissory notes, amounting to one thousand two hundred and twenty dollars, bearing interest at the rate of ten per cent. per annum from their dates respectively until paid, and made payable to "Elizabeth Cox, (plaintiff,) Thomas Bills, and Elizabeth Bills, *or bearer*, and signed by Matthew Bethany, the defendant.

The plaintiff sues alone as holder of the notes, and alleges that the defendant is indebted to her in the amount of said notes and interest, for which she prays judgment.

The defendant excepted to the action, *first*, that he had no legal notice, having contracted no such obligation as mentioned in the citation ; *second*, that one of the owners of the

notes sued on was a *feme covert*, and had not been authorized to bring this suit by her husband, &c. These exceptions were overruled and the decision of the court excepted to.

An answer was filed, denying that the plaintiff, Mrs. Cox, was the lawful owner of the notes mentioned in the petition, and averring that creditors in an obligation not in *in solido*, but barely holding the obligation, does not constitute one of them sole creditor; that it is necessary to be assigned and transferred by all the other creditors, which is not done in this case, &c.

Judgment was rendered in favor of the plaintiff for the amount of her demand.

The defendant moved for a new trial, because the judgment was against law and evidence, and made a motion to amend it on the ground of newly discovered evidence. He alleges in his affidavit, that Mr. Bills, the former husband of the plaintiff, died, and left a will bequeathing the very land for which the notes in suit were given, to Mrs. Cox, (plaintiff,) for life, and at her decease to go to their two children; that this land was the consideration for which the notes *were given;* and that since the trial he had discovered that Thomas Bills and Elizabeth Bills, two of the payees of the notes, had never parted with their interest therein. This motion and affidavit were overruled, the opinion of the court excepted to, and the defendant appealed.

*T. L.* and *S P. Andrews*, for the plaintiff.

*Lawson*, for the defendant, contended the judge *a quo* erred in refusing the motion to amend the application for a new trial, on the ground of newly discovered evidence, and on filing the affidavit of the defendant. 2 *Martin, N. S.,* 626. 1 *Ibid.,* 541.

2. The judgment is erroneous, because when an obligation is made in favor of several persons *in solido*, proof of an assignment and transfer is necessary to entitle the holder to recover. *Louisiana Code, article* 2083. 7 *Louisiana Rep.,* 181.

*Mathews, J.* delivered the opinion of the court.

The presumption that the holder of a note, made payable to bearer, or endorsed in blank, when made in negotiable form, is the rightful owner, is *primâ facie* evidence of title in such holder, in ordinary cases, and yields only to contrary proof.

But the presumption of title in the holder of a note ceases, when he is one of two or more co-obligees, because they cannot all possess the note individually.

Notes or instruments made payable to two or more payees or obligees, held by one of them, must be considered as holder for all, unless it be shown he has acquired by transfer, the rights of his co-obligees.

An assignment of errors cannot be made against the allegations in the petition, which may have been supported by legal evidence. They must, when there is no statement of facts, nor evidence produced in the record, be taken as true in such cases.

This suit is on two promissory notes, made payable to the plaintiff and two other persons, *or bearer.* The contract is joint in relation to the obligees, but the notes being in the possession or custody of the petitioner, she assumes the entire ownership of them in the present action *as bearer.* Judgment was rendered in the court below for the whole amount claimed in the petition, from which the defendant appealed.

The answer contains a denial of the right of the plaintiff to recover the whole amount of the notes, having only a joint interest in them with other persons who have not transferred to her their title and interest in these obligations. Her counsel seems in argument to rely on the legal presumption by which holders of notes made payable *to bearer,* or endorsed in blank when made in negotiable form, are considered as the rightful proprietors of such instruments.

This presumption amounts to *primâ facie* evidence of title in the holders of such instruments in ordinary cases, and yields only to contrary proof.

But it appears to us that the same presumption ought not to be recognized as prevailing in a case like the present, when one of the co-obligees is the holder or possessor of the notes. Here we find three. They could not all hold and possess the same things at the same time in their integrality. Instruments of this kind, held by one of the parties for whose joint benefit they may have been made, must be considered as holder for all, unless it be shown that the holder has acquired by transfer the rights of his co-obligees.

This case, however, cannot be examined on its merits, there being no statement of facts or assignment of errors; and if the latter had been made, we could not assume any thing against the allegations of the petition which may have been supported by evidence, for they must be presumed to have been true, as the judgment of the court below is legal and correct only on this presumption; and here the maxim, *omnia recte acta,* is applicable. The defence in this court is therefore stripped of all its force, except two bills of exception; one of these was abandoned in the argument, and the other

cannot be supported either on principles of law or rules of practice established to aid in the administration of justice. This exception is to the opinion of the judge *a quo*, by which he overruled a motion made on the part of the defendant to obtain a new trial. The motion is based on an affidavit of the discovery of new evidence. The facts said to have been discovered after the trial of the cause, would be applicable only to a new defence, which was not pleaded, viz: want of consideration for the promise. Now, it appears to us, that it would be to extend the doctrine and principles of new trials to an unreasonable length, if they were to be granted both to amend pleadings and let in new evidence.

A new trial should not be granted on an affidavit of newly discovered evidence since the first trial, when the facts disclosed related to matters which have not been pleaded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.