EASTERN DIST.
*May*, 1837.

HARRIS
*vs.*
BROWN ET AL.

Where the plaintiff shows a conveyance of the property in contest, by an act of sale from an agent of the United States, of prior date to the patent under which the defendant claims, but fails to show the authority of the agent, there should be only a judgment of non-suit against him.

The conveyance of the government agent of prior date, divested the United States of all title, which it could not take from the purchaser, either by a subsequent act of Congress or a patent from the president.

---

## HARRIS *vs.* BROWN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

No matter can be assigned as error on the face of the record, which might have been cured or explained by legal evidence.

But where the sheriff's return shows the bail had surrendered his principal, and procured his bond to be cancelled, in the absence of testimony, it will be presumed to have been assented to by the creditor.

So, where the bail bond is transferred to the creditor at any time before trial and judgment against the bail, it is sufficient.

The plaintiff arrested one Jerry Brown in an action on an account, the 8th February, 1836, and he gave bail. On the 20th February, the bail surrendered Brown and had his bail bond cancelled. The sheriff took Alfred Walley as bail in the second bond, who executed it accordingly.

On the 25th March, 1836, the plaintiff had judgment for the amount of his claim against Brown. A writ of *fieri facias* issued, and was returned, no property found, the first Monday of June, 1836, and a *ca. sa.* was returned, stating the defendant was not to be found, the first Monday in August, 1836.

On the 5th November, 1836, the plaintiff's counsel took a rule on Walley, the bail, to show cause within ten days, why judgment should not be rendered against him for the amount of the debt, interest and costs, against Brown.

The defendant filed a written answer, setting up various grounds of defence.

On the 29th November, the sheriff assigned the bail bond to the plaintiff, and on the 3d December the cause was tried, and judgment rendered against the bail; he appealed.

*Benjamin*, for the plaintiff.

*Buchannan*, contra.

1. The defendant and appellant assigns for error, that previously to executing the bail bond now in suit, a bail bond had been taken for the full amount of the debt, which has never been legally cancelled. *Code of Practice*, 232.

2. There was no assignment of the bail bond in this case by the sheriff to the plaintiff before taking the rule. The bail bond is the foundation of the suit, and the want of it is fatal. The plaintiff has procured the assignment since he commenced his proceedings, but not until after the bail answered. It was then too late. This is a regular suit, and the very foundation of it is wanting. 2 *Louisiana Reports*, 349.

*Bullard, J.,* delivered the opinion of the court.

EASTERN DIST.
May, 1837.

HARRIS
vs.
BROWN ET AL.

This case is before us upon an assignment of errors. Two errors are assigned by the appellant as apparent on the face of the record.

I. That previously to the date of the bail bond signed by him as surety, a bail bond had been taken with security for the full amount, which had not been legally cancelled at the time the rule was taken on the appellant.

This appears to us to be a matter of fact, which may have been explained by evidence on the trial, and consequently, is not assignable as error ; nor is the objection well founded, in our opinion, that the first bond had not been legally cancelled in the manner pointed out by the 232d article of the Code of Practice. The judgment creditor might have an interest in seeing that the second bond was regularly taken, but even if it had not been, perhaps the two bonds might be considered as cumulative. It appears by the sheriff's return that the first bail had surrendered his principal, and that the bond had been cancelled, and we must presume it was assented to by the plaintiff.

*No matter can be assigned as error on the face of the record, which might have been cured or explained by legal evidence. But where the sheriff's return shows the bail had surrendered his principal and procured his bond to be cancelled, in the absence of testimony it will be presumed to have been assented to by the creditor.*

II. The second error complained of, is that the bail bond had not been assigned to the plaintiff by the sheriff previously to the rule taken on the appellant, as required by law. The counsel relies in support of this assignment of error, upon article 235, of the Code of Practice. This is also a matter of fact. The record shows that the transfer from the sheriff is of a date anterior to the judgment against the bail. The article cited, required that the plaintiff should exhibit the bond assigned to him, but he could exhibit it only on trial, and if he then shows that it has been transferred to him, that, in our opinion, suffices.

*So, where the bail bond is transferred to the creditor at any time before trial, and judgment against the bail, it is sufficient.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.