THAYER ET AL. *vs.* RIEDER.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

It is no ground of complaint, that the cause was tried *ex parte*, when the defendant neglected to attend.

Where the error assigned might have been cured by evidence, it will not avail the party.

This is an action against the maker of the following promissory note :—

"*Dollars*, 375.  "*Philadelphia, July* 14, 1834. .
"On demand, I promise to pay to the order of William Rice, Esq., three hundred and seventy-five dollars, value received, without defalcation."  "FELIX E. RIEDER."

The note was regularly endorsed to the plaintiffs. The defendant pleaded a general denial, and want of consideration, &c.

On the defendant's affidavit, a commission issued to Philadelphia, to take the testimony of witnesses, deemed material to establish the defence. The order for the commission was made on the 9th May, 1839. On the 13th of May, the cause came on for trial, and the defendant failed to appear. There was judgment for the plaintiff, with six per cent. interest, (Pennsylvania) and the defendant appealed.

*Thielen*, for the appellant, assigned the following errors :

1. That the case was tried *ex parte* on the 15th May, 1839, and judgment rendered against the defendant, whereas a commission to take testimony of witnesses in the city of Philadelphia was issued on the 9th May, 1839, and fifty days was allowed for the return thereof, as is shown by the order of court, to be found at page 6, of the record.

2. That the note sued upon is dated Philadelphia, July 14, 1834, and was payable on demand ; that no demand was made before upwards of four years and eight months had elapsed, and still the judge *a quo* has allowed interest at the

EASTERN DIST. *February,* 1840.

THAYER ET AL.
*vs.*
RIEDER.

rate of six per cent. per annum from the 17th July, 1834, as will be found by reference to the note at page 5, and to the judgment at page 7 of the record: by reason of all which, appellant respectfully prays that the judgment of the court below be reversed, and judgment be rendered in his favor.

*Upton,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendant and appellant has put this case before us on an assignment of errors.

1. The cause was tried *ex parte,* on the 13th May, 1839, and a commission had issued on the 9th of May, to take the testimony of witnesses in the city of Philadelphia, and fifty days allowed for the return thereof.

2. The note sued on was dated in Philadelphia the 14th July, 1834, payable on demand, and no demand was made until upwards of four years and eight months had elapsed; and that interest was allowed at the rate of six per cent. per annum from the 17th July, 1834.

It is no ground of complaint that the cause was tried *ex parte* when the defendant neglected to attend.

I. The defendant not having appeared when the cause came on for trial, he cannot complain that it was proceeded in *ex parte.* If the testimony which he expected from Philadelphia was essential, he should have been present, and prayed for a continuance.

Where the error assigned might have been cured by evidence, it will not avail the party.

II. The second error assigned might have been cured by evidence of the laws of Pennsylvania, allowing interest on notes of hand payable on demand, at the rate and in the manner which the judge *a quo* granted it.

The judgment of the Commercial Court is, therefore, affirmed with costs.