## EBENEZER EATON KITTRIDGE *v.* GODFROI BREAUD.

Decision in the case of *Kittridge* v. *Breaud*, 2 Robinson, 40, affirmed.

It is not necessary to the validity of a purchase of public lands from the government of the United States, under the laws relating to back-lands, that the lands purchased should be described by the township, range, and section.

The title of a purchaser from the United States of a portion of the public domain, will not be affected by the omission of the Register of the Land Office to mark the sale on the township plat in his office, or by a subsequent sale of the same lands, through error, to another.

Where one entitled by law to a preference in the purchase of a particular piece of the public lands of the United States, in the exercise of his right, pays the price and receives from the proper officer a receipt for the same, with a certificate that he is entitled to purchase the land, the sale will be complete, though the evidence of it may not have been made out in the prescribed form.

The act of Congress of 5th May, 1830, authorizing the Registers of the Land Offices in Louisiana to receive entries of lands in certain cases, was passed for the relief of a class of persons who had paid to a Receiver the price of the lands they intended to purchase, but had not presented their receipts to the Register for his certificate, until too late to exercise their rights. It is inapplicable to cases where the application to purchase had been made to the Register, who admitted the applicant's right.

In a contest between parties claiming lands sold by the United States, the courts of this state, whose powers are not limited by any distinction between law and equity, will look to the facts of the case, and do justice between the parties, though a patent may have been issued to one of them. The principle is well settled in the jurisprudence of this State, and in that of the courts of the United States, that an equitable right, originating before the date of the patent, whether founded on an earlier entry or otherwise, may be inquired into.

The acts of Congress conferring pre-emption rights on the settlers on the public lands, vest a legal title in the purchaser as soon as the purchase is made and the price paid; and the United States cannot take back the land nor sell it to another.

A sale of a portion of the public lands of the United States, made in pursuance of an act of Congress conferring authority for that purpose on the Register and Receiver of Public Moneys, will divest the government of its title.

One who obtains a patent from the United States for a portion of the public lands, by suppressing a part of the facts of the case, will not be permitted to benefit himself thereby. The patent will enure to the benefit of the party entitled to recover the land.

APPEAL from the District Court of Assumption, *Nicholls*, J.

*Connely* and *Ilsley*, for the appellant.

*M. Taylor*, for the defendant.

GARLAND, J. This case was before us at the last April term,

and was remanded for a new trial. 2 Robinson, 40. The pleadings and facts are fully stated in the opinion then delivered. When the cause was returned to the District Court, the defendant filed a supplemental answer, stating that since the trial in this court, he had obtained from the United States a patent for the land in controversy, whereby the absolute title to it is now vested in him; he, therefore, prays for a judgment in his favor. André Le Blanc and his wife, who were the vendors of the plaintiff, also came in, and filed an answer, denying that they were in any manner responsible to him, and asking that the demand made on them, under article 2495 of the Civil Code, may be dismissed. The question of damages on the part of the plaintiff, and that for the value of improvements on the part of the defendant, were by consent reserved for future decision, and the case was tried on the question of title alone. No new evidence except the patent, was offered. The jury found a verdict for the defendant, and the plaintiff has again appealed.

The counsel for the defendant has occupied himself principally in combating the opinions expressed when this case was first before us. He still urges that there never was any delivery of the land to Le Blanc, or any taking possession of it by him. What acts will constitute a delivery and taking possession of property, we cannot imagine, if those of Le Blanc do not. In May, 1822, he presents himself to the Register and Receiver at New Orleans, and claims the right of purchasing a certain quantity of land, under a particular act of Congress; the right is conceded and he pays his money, and obtains the evidence of it. With this in his possession, he goes to a surveyor acting in conformity to law, who, in May, 1823, makes an actual survey of the quantity of land purchased, establishes the boundaries, marks the corners, and returns a plat and *procès-verbal* of his proceedings into the surveyor-general's office, by whom it is approved. Ascertaining then, that he had not entered all the land he was entitled to purchase, two days afterwards, to wit: on the 15th of May, 1823, the same surveyor, at the request of Le Blanc, surveyed and marked off the quantity of land claimed, and also returns a plat and *procès-verbal* of this operation to the same office, which is also approved. With this, Le Blanc again presents himself to the Register and Re-

Kittridge v. Breaud.

ceiver, and, in writing, makes application to purchase the land. The register makes an endorsement on the application, that it appears from the records in his office that Le Blanc is entitled to purchase the land, the money is paid, and again the evidence of payment furnished. After the two surveys were made, Le Blanc again makes application to the surveying department, to survey and mark off his land, upon which demand no action was had until 1829, when a general survey of the township was made and the quantity purchased at one time set apart and represented on the plat, and the other omitted. The defendant did not settle on the land for several years afterwards, and now claims the benefit of this omission of the surveyor. A statement of the facts seems to us sufficient to prove a complete delivery, and taking possession of the land in controversy.

Upon the third point raised by the defendant, we are of opinion that it is not indispensably necessary in the purchase of land from the government, under the laws relating to back-lands, that they should be described particularly by the township, range, and section. On the contrary, we know that, in many instances the land has not been surveyed at all, yet the money has been paid and the sale perfected, although the evidence of the fact cannot be made out with the precision required by law. We do not think that a purchaser of a portion of the public domain should lose his right to it, because the Register of the land office fails to mark on the township plat in his office, that the land has been sold, and afterwards sells it to another.

The counsel for the defendant contends, that the fact of paying into the land office the price of a particular double concession, does not make the person paying the owner. This is true, if the party paying had no particular authority or right to pay ; but, we think, when the law gives an individual a preference in the purchase of a particular piece of land, and, in the exercise of his right, he pays the money, and receives from the public officer a receipt for it, and a certificate that he is entitled to purchase, the sale is complete, although the evidence of it cannot be made out in a prescribed form.

The act of Congress of May 5th, 1830, (2 Land Laws, 252,) does not apply to a case like the present. That act was passed

for the relief of a class of persons, who had paid their money to the Receiver, and had not presented their receipts to the Register for his certificate, until it was too late for them to exercise their rights, but, in this case, the application to purchase was made to the Register in the first instance, who admitted the applicant's right, and the Receiver then gave his receipt. The circumstances that led to the adoption, by Congress, of the law in question, are well known to one of the members of this court, and a class of cases very different from the present was intended to be protected.

The counsel for the defendant contends, that his client had no notice of the purchase by Le Blanc, and that he ought not to suffer, as he was guilty of no *laches*, and did not know of the purchase in 1824, by the former. Independent of the evidence that existed in the offices of the Register and Receiver in New Orleans, and of the Surveyor General in the vicinity of the land, it is in evidence, that the boundary posts placed by Bonnet, the surveyor, in 1823, as it is supposed, are still to be seen, and show that the land in dispute is included in the limits of Le Blanc's tract. The evidence does not show any negligence on the part of the vendors of the plaintiff, and, as we still adhere to the opinion that it is not necessary to record in the Parish Judge's office, the sales or certificates of purchases of land from the United States, the diligence seems to have been sufficient; and the defendant cannot avail himself of the omission of the surveyors to represent the land on the township plat. Le Blanc, in 1824, requested it should be surveyed and represented, and why it was not done is not explained.

The last point in the case is, whether a patent given by the United States to the defendant is conclusive, as he alleges, upon the rights of the parties. We are aware that it has been decided, that the patent is the superior and conclusive evidence of legal title; until it has been issued the fee is in the government, which, by the patent, passes to the grantee. 13 Peters, 450. 516. This is technically true, and if there were a distinction between the law and equity powers of our courts, as there is in those of the United States, it is probable that we should, if sitting on the law side, be compelled to give effect to the patent. But we are not

bound by such rigid rules, and as our administration of the law is to be tempered by equity, we feel authorized to look to the facts of the case, and to do justice between the parties.

In 3 La. 62, this court said, that the acts of Congress which conferred on settlers on the public lands pre-emption rights, vested a legal title in the buyer, as soon as the purchase was made and the money paid, and that the government cannot take the land from them, and sell it to another. In 11 La. 90. 323, it was held, that a sale, without a patent, is evidence of title out of the government. It is divested by a sale, made in pursuance of an act of Congress, conferring authority on the Register and Receiver. Upon the same point, see 10 La. 155; 1 Robinson, 430. And the principle is well recognized in our jurisprudence, as well as in that of the courts of the United States, that where an equitable right, which originated before the date of the patent, whether by the first entry or otherwise, is asserted, it may be examined into. 15 Peters, 93. 7 Wheaton, 149.

The patent, in this case, bears date August 31st, 1842, since the period when this case was last before us, and the judgment in favor of the defendant reversed. He, therefore, knew of the existence of the claim of the plaintiff, and must have concealed it from the knowledge of the Commissioner of the General Land Office and the President, otherwise a patent would not have been issued. We will not permit a party to benefit himself by suppressing a portion of the facts when he applies for a patent, when they are within his knowledge. The benefit of the patent must enure to the plaintiff, who is, in our judgment, entitled to recover the land.

The judgment of the District Court is therefore annulled and reversed, the verdict set aside, and it is ordered and decreed, that the plaintiff recover of the defendant the quantity of land mentioned in the petition and therein described, with costs in both courts, up to the time of this judgment becoming final and being recorded below, and in relation to the claim for damages and the value of improvements, which has been reserved, it is ordered, that the cause be remanded to the District Court to be proceeded on according to law.