CALEB H. SHIPMAN and others *v.* WILLIAM P. HICKMAN and another.

After the death of one of the members of a commercial partnership, the partnership property is owned in common by the survivor and the representatives of the deceased; and the interest of the representatives in the stock, or notes proceeding from its sale, cannot be alienated, or disposed of by the survivor.

Where an obligation is executed in favor of a commercial firm, all the parties composing it must join in any action on it, for the debt is due to the partnership collectively, and not to one or other of the partners as creditors *in solido;* and where one of the partners is dead, his representatives must join in the action.

APPEAL from the District Court of Rapides, *King,* J.

*Brent* and *O. N. Ogden,* for the appellants.

*Hyman,* for the appellee.

SIMON, J. The plaintiffs are appellants from a judgment dismissing their action upon a note of hand, subscribed by the defendants, for the sum of $3559 11, made payable to the order of N. Dabney & Co., at the counting room of Blair & Satterfield, at New Orleans, endorsed over to Shipman, Crane & Co., or order, by George Blair for N. Dabney & Co., and subsequently endorsed by the firm of Shipman, Crane & Co.

Robert C. Martin, one of the defendants, excepted to the plaintiff's action, on the grounds that said plaintiffs have no interest in the note sued on; that if they have any interest in said note, it is a joint interest, to sustain which all the joint owners, or co-obligees, ought to have been made parties. He further states, that the firm of N. Dabney & Co., to whom the note was given, was composed of Joseph H. Bryant and Nathaniel Dabney; that the latter is dead, and that the partnership was dissolved prior to the endorsement and transfer of the note; that the right of the succession of Nathaniel Dabney deceased to said note, was not transferred by the endorsement of Joseph H. Bryant, or his agent; and that the representatives of N. Dabney deceased, are not parties to this suit.

The other defendant, Hickman, having died during the pen-

dency of this suit, it was, as to him, referred to the Court of Probates.

The evidence taken on the trial of the cause below, shows, among other facts, that N. Dabney died in November, 1839 (the record contains, however, an admission that he died in November, 1837); that the goods purchased by the defendant belonged to Bryant and the succession of Dabney. That Bryant gave a power of attorney to Blair, authorizing the latter to demand and receive of and from all persons indebted to the late firm of N. Dabney & Co. by note, account, or otherwise, the amount of his claims as surviving partner; to execute in his name; and, in case of failure to pay, to bring suit, &c.; to employ counsel; to compromise and arbitrate; and do all other things which may be necessary in and about said business, &c. This power of attorney, is dated 12th of May, 1838, and was undoubtedly executed after the death of N. Dabney.

The record contains, also, certain documents purporting to be accounts between the plaintiffs and Dabney & Co., and a receipt of Shipman, Crane & Co. to Dabney & Co., in the hand writing of one of the firm of Shipman, Crane & Co.; and further shows that there was a sale made by Peter B. Martin, who was acting as agent of Bryant, of all the stock of goods of N. Dabney & Co. to Hickman & Martin, for $25,000, payable in three notes, made in favor of N. Dabney & Co; and the executor of N. Dabney's estate proves, that he has never transferred the interest of the deceased in the note sued on to any person.

With this evidence before us, we cannot say that the district judge erred in dismissing this action.* Whatever dealings may have existed between Bryant and the plaintiffs, it is perfectly clear that he had no right to dispose of his deceased partner's interest in the note sued on; and that if Blair was authorized to transfer his portion of the note, a power which is not expressed in the power of attorney, his endorsement cannot have the effect of destroying the interest which Dabney's succession had in the said note. After the death of N. Dabney, the

---

* The judgment was in favor of the defendant Martin, as in case of non-suit.

partnership property, or stock was owned in common by Bryant and the representatives of the deceased; and it cannot be controverted that the interest of said representatives in said stock, or in the notes proceeding from its sale, could not be disposed of, or alienated by the surviving partner.    4 Mart. N. S. 207. 8 La. 568.  If this is correct, one half of the note only was transferred to the plaintiffs, and to that extent only they are perhaps entitled to it.

But the plaintiffs were co-obligees with the representatives of N. Dabney, and as such, they had no right to institute the present suit for the whole amount of the note, without joining the other co-obligees; as they have no right to recover in this action, what may be due to the joint creditors under the note sued on.   It is a well established rule, that when an obligation is made to a commercial firm, the parties composing it must join in the action, for the debt is due to the partnership *collectively*, and not to one or other of the partners as creditors *in solido*. 3 La. 357.   10 La. 152.   13 La. 484.   16 La. 31.   Here, the plaintiffs are exercising the rights of one of the partners, transferred to them by Blair; but they cannot do this without joining the representatives of his co-obligee.

*Judgment affirmed.*