## NEHEMIAH MAGEE *v.* JAMES DUNCAN.

Case remanded because of *ex parte* amendment of Sheriff's return.

APPEAL from the District Court, Eighth District, *Penn*, J. *Halsey*, for defendant and appellant.

SLIDELL, J. From a judgment against him the defendant has appealed, and assigns various errors as apparent on the face of the record.

Two of the assignments require no other notice than the remark, that the appeal comes up without all the evidence, and they fall within the operation of the well settled rule, that nothing which may have been cured by legal evidence in the Court below can be assigned as error, when the appeal comes up without all the evidence.

But the other matter of error assigned is more serious. The judgment in this case was rendered upon default. The return of citation, exhibited by the transcript, is defective. The judgment by default was taken on the 15th October, 1850, and was confirmed on the 19th. In May, 1851, the defendant prayed for and obtained an order of appeal, returnable in February, 1852. In February, 1852, the transcript was filed and the appellant seasonably filed his assignment of errors, upon the ground of the insufficiency of the return of citation. In February, 1853, the cause having been continued, the plaintiff filed a supplemental transcript, whereby it appears that in November, 1852, he obtained *ex parte* leave to the sheriff to amend his return, and accordingly the sheriff did amend his return, and it now appears as a return filed 7th October, 1850.

This is an unusual condition of the record, and we consider it unjust to hold the appellant by this *ex parte* amendment. On the other hand, if the citation &c., were really served, as the amended return states, the defendant, it seems, would have no equitable right to set the judgment aside.

We will save the rights of both parties by remanding the case with instructions.

It is, therefore, decreed, that the costs of this appeal be paid by the plaintiff, and that this cause be remanded, with the instructions to the District Judge, to require a rule to be taken by the plaintiff upon the defendant, whether the facts stated in the amended return are true, and thereupon to set aside the judgment of 19th October, 1850, or maintain the same as the truth may appear; and that, until said rule be heard and finally disposed of, no further execution of said judgment be had.