## No. 382.

### SUCCESSION OF J. D. and E. C. BAILEY.

Nothing can be assigned as an error of law which could have been cured by evidence legally given at the trial.

An assignment of errors in this Court can not cure the omission of the appellants to make opposition and present regularly the issues of fact which they desire adjudicated.

APPEAL from the Parish Court, parish or Franklin. *Duncan Buil, J. Morrison & Farmer,* for appellees. *S. D. McEnery* and *P. H. Toser,* for appellants.

WYLY, J. On the twelfth August, 1870, Allen W. Eddins, adminis-

trator of this succession, filed his final account, and prayed that it be advertised according to law, and, after due proceedings, that it be homologated; that his bond be canceled, and that he be discharged from further administration of the estate.

After this account had been duly advertised and proved (as the judge states in his judgment), and no opposition having been made, it was homologated. This was on the eighth April, 1871, eight months after it had been filed.

On the twentieth of March, 1872, nearly one year after this judgment was rendered and after Eddins, the administrator, had died, the heirs at law of the said Baileys took a devolutive appeal, alleging in their petition merely that they are aggrieved by the judgment homologating the final account.

At the last term of this Court, the death of two of the heirs was alleged, and the heirship was disputed. The case was remanded to try these questions. It is now before the Court, and the right of the appellants to contest, as heirs, is not disputed.

The appellants place their entire case upon an assignment of errors apparent on the face of the record.

The first error assigned is: that the administrator credits himself, in his account, with the appraised value of the slaves—"Richard, Eliza, Bob, Henry, Ben and Elizabeth, purchased by X. Bailey, and were not paid for, but returned to the administrator and were emancipated in his hands—$4425."

The defendant contends that this statement in the account is not true, because, in the record, there is the proces verbal of the third March, 1860, showing that these slaves were sold to X. Bailey for said amount, cash, and that the administrator can not contradict said proces verbal. But it appears from the note of evidence that this proces verbal (although now in the transcript) was not received in evidence. We can not revise the judgment on proof neither offered nor received in evidence in the court below.

The only question under this assignment which we can consider, is, whether or not it was the duty of the administrator to have resold the slaves as soon as Bailey refused to pay the price and returned them to him. The statement that there had been a sale and the slaves had been returned are questions of fact which can not be disputed on an assignment of errors.

The legal consequence of these facts is, however, a question of law which is properly before the Court.

There is nothing in the record to show that the heirs at law ever demanded the resale of the slaves, or that it was necessary. On the contrary, as there seems to have been ample funds to pay all the debts, the administrator had no cause to sell the slaves. It was his duty to keep them for the heirs.

Even though they had been sold and returned to him, because of the inability of the purchaser to pay the price, or for any other reason, the administrator was not bound again to provoke the sale of them if he had, in the meantime, obtained from other sources funds of the estate to pay its debts. The fact that the slaves were emancipated in his hands is no reason why he should sustain the loss. There is, therefore, no force in this objection.

The next error assigned is: the administrator credits himself with $1622 80, and adduces voucher eighteen as evidence of said credit; that said voucher does not make the required proof. This is a question of fact, a question whether this item of the account is duly proved.

If the appellants had opposed the account during the eight months it was pending before the parish court, perhaps ample proof would have been adduced to remove all objection on this point.

Each of the other errors assigned involve merely questions of facts, whether the items of the account are duly proved.

These objections should have been regularly presented by an opposition filed in the lower court. They can not be considered, under the settled jurisprudence of this State, as an assignment of errors. "Nothing can be assigned as an error of law which could have been cured by evidence legally given at the trial." Flower v. Hagan, 2 L. 225. "No judgment can be reversed on the mere assignment of errors which might have been cured by evidence legally introduced." Butler v. Despatir, 12 M. 304; 1 N. S. 59; 2 N. S. 265, 537; 2 L. 70, 225; 3 L. R. 481; 11 R. 90; 14 L. 368, 383; 1 R. 30; 12 R. 454. "Appellant can not assign anything as an error, apparent on the record, which might have been cured by legal evidence." Hill v. Suzzine, 1 N. S. 599; 12 M. 304.

Suppose the appellants had filed an opposition in the lower court only as to one item of the account, and being dissatisfied with the decision below, had brought the case to this Court, could they have raised objections here as to the correctness of items they had not opposed or disputed in the lower court? Surely not. The litigation would have been confined to the issue presented in the opposition. They could not have gone beyond it. In this case, they raised no controversy in the court below; they made up no issue, although duly notified of the filing of the account, and called upon to make opposition thereto, or else, after legal delays, the account would be duly homologated. They failed to raise the issues of fact at the time and in the manner provided by law and the rules of practice, and they now seek to raise them in this Court. They propose, by filing an assignment of errors, to gain all the advantages they would have had had they filed an opposition to the account.

An assignment of errors in this court can not cure the omission of

the appellants to make opposition and present regularly the issues of fact which they desire adjudicated. Besides, if the appellants could succeed in presenting the issues they desire in this irregular manner, it would be greatly to the disadvantage of their adversary, because, had they objected at the proper time, while the account was pending in the parish court, ample proof might readily have been adduced by the administrator to satisfy all their complaints, and to remove all objections. The administrator is now dead, important witnesses may also be dead, and the heirs of the administrator may find it difficult, not knowing the witnesses, or where to find the proof, to contest with the appellants upon issues which the administrator himself at the time of the homologation of his account could, perhaps, have met successfully and without much difficulty.

On the whole, we see no reason, either in law or equity, to entertain the objections raised by the appellants in this court, and we can not do so under the settled jurisprudence of this State.

It is therefore ordered that the judgment homologating the final account of the administrator, Allen W. Eddins, canceling his bond, and discharging him from further duty, be affirmed, and that appellants pay costs of appeal.