## No. 114.

### Mrs. Theresa Borzone v. Burke & Thompson Et Al.

The appellate court will not reverse a judgment where it is possible that the evidence offered, but not submitted to the higher court, may have rectified the error or justified the findings.

This rule obtains when questions of law are preserved by bills of exception as well as when they are presented by assignment of errors.

Bills of exception must be full, explicit and unmistakable, furnishing to the appellate court all the facts and information, necessary to the proper comprehension of the issue involved, and rulings will be presumed to be correct where the bill leaves the matter in doubt.

*Appealed from Civil District Court, Parish of Orleans.*

*A. J. Lewis,* attorney.

*Jas. Timony,* attorney.

His Honor, Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff sues for damages for an alleged illegal seizure of a horse, and baker's wagon. The amount claimed being less than $500.00 we have no authority to pass upon the facts of the case. There is no statement of such facts, nor assignment of errors, but defendant has reserved two bills of exception to rulings of the court, in the admission of evidence.

The first of these recites that, on the trial of the cause, plaintiff offered proof as to the value of her attorney's fees, which was objected to on the ground that, "as to the attorney's fees there was no cause of action, that if there was any cause of

action, it was merely *in passe,* and not *in esse,* and that such a cause of action could only spring into actual existence by the termination of this suit."

The other declares that, upon cross-examination, relative to her title, plaintiff has testified as follows: "About six years ago, I raised a mortgage on my property, for $500.00, gave the $500.00 to my husband and he gave that property as security for the money;" and, on re-direct, her counsel offered an act of *dation en paiment,* which was objected to; First, because the petition did not allege separation of property by judgment, and, not having been alleged, it could not be proven, and as there was no judgment *coram judice,* and could be none, no *dation en paiment* in total or partial satisfaction thereof could be proven; Second, that the act disclosed a title different from that already disclosed by the testimony as recited. With reference to the first bill, it is vague and uncertain, not defining the services of counsel to which the proof was directed, whether those rendered in this present suit, or in previous notices and proceedings, to release the property. Neither, are the reasons of the judge, in making the rulings given, and all that we can learn from the bill, or even from the petition, they might have related to consultation, notices, and other proceedings, which usually precede a suit in cases such as that before the court, in which event, they would not be open to the particular objection urged. The bill does not bring up to us, the testimony itself, or any satisfactory description of its character, nor are we shown, in any of the methods known to the law, whether the court *a quo* allowed anything, or if so, how much, for attorney's fees. The rule, relative to cases coming up, upon assignment of error, is that the appellate court will not reverse a judgment where it is possible, that the evidence actually offered, but not submitted to the higher court, may have rectified the error, or in any way justified the findings, Caldwell vs. Townsend, 6 Mart. (N.S.) 638; Krautler vs. Bank of U.S., 12 Rob. 456; Dutler vs. Destalier, 12 Mart. 304; Daunoy vs. Clyma, 11 Mart. 557; Hill vs. Tuzzini, 1 Mart. (N.S.) 599; Freeland vs. Lausear, 2 N.S. 265; Tiedras

vs. Milne, 2 Mart. (N.S.) 537; Mitchell vs. White, 2 Mart (N.S.) 409; Flower vs. Hagan, 2 La. 225; Love vs. Banks, 3 La. 480; Miller vs. Whittier, 6 La. 71; Cox vs. Bethamy, 10 La. 152; Harris vs. Brown, 11 La. 90; Nott vs. Brander, 14 La. 368; Thayer vs. Reider, 14 La. 383; Harris vs. Alexander, 1 Rob. 30; Madde vs. Duncan, 8 La. Ann. 125; Succession of Bailey, 25 La. Ann. 580; Albert vs. Davis, 12 Mart. 305; Logan vs. Wunder, 10 La. Ann. 253.

So, when all the evidence is not brought up, the appellate court, will presume that the judgment or proceedings were properly rendered or conducted. Flower vs. Hagan, 2 La. 225; Miller vs. Whittier, 6 La. 70; Minor vs. Labelle, 9 La. 325; Allen vs. Peytadin, 10 La. 40; Cox vs. Bettany, 10 La. 154; Fowler vs. Smith, 1 Rob. 448. The principle which underlies these numerous authorities is as applicable when questions of law, are preserved by bills of exceptions, as when they are presented by assignment of errors; and they have been so applied. Trenchard vs. Elderkin, 3 La. 298; Thomas vs. Kean, 10 Rob. 80. As to the second bill, the petition, while it does not recite that plaintiff is separate in property by virtue of a judicial decree, does declare explicitly that the property in question, was her separate paraphernal property and that it did not belong to defendant, against whom the writ of Burke and Thompson was directed. Defendant in this suit did not call upon her, to be more specific, or require her to furnish the details of her acquisition. Under the circumstances, she was entitled to prove her title, whatever it was, provided it established the allegation that it was her separate paraphernal property. Nor, do we think, that, in one portion of her testimony, she misdescribed with any apparent wrongful purpose, the character of her acquisition, which is by authentic act, that she is forever debarred from rectifying the error. The adoption of such a rule, would impose penalties upon ignorance, or inadvertence, which is sanctioned by no law, and justified by no principle of equity. On the contrary, its effect would be, without motive or advantage, to shut out the truth from courts of justice. We are asked to take and consider

Borzone vs. Burke & Thompson Et Al.

the facts, as stated in the opinion of the judge *a quo*, filed by him, upon rendering his judgment, refusing a new trial, and review his application of the law to such facts.

We believe, that this court, has the power, under the constitution, and the Code of Practice, articles 602, 603 as well as our own rules in cases like this, to review the general deductions of law, drawn by the judge *a quo* from the facts of the case.

In order to enable us, however, to do this, all such facts must be brought up, in the manner provided by law. This method would be, by securing a statement of facts, as provided for in the Code of Practice, article 602 and 603. As, by these provisions, the judge is to prepare the statement, only if the successful party has been called upon, and refuses to draw up the same, jointly with the party contemplating an appeal and declarations, found in his reasons for judgment, never intended by him as a statement of facts, such as is contemplated by the law, not prepared upon demand, or after refusal of one of the parties to join in the preparation of such a paper, cannot be held to be a compliance with said article.

Judgment affirmed.

## APPLICATION FOR A REHEARING.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Defendant demands a reopening of this case, on the grounds that this court fell into an error in assuming it to be a fact that there was nothing in the record to show that the judge *a quo* awarded attorney's fees for services in prosecuting this particular suit to judgment.

Reference is made to the judgment on the merits, rendered below, where it is expressly recited that $50.00 is allowed for prosecuting the claim. The applicant seems in error, as to the principles upon which this conclusion of this tribunal was reached. We do not undertake to determine upon the question of plaintiff to demand such attorney's fees, or those of

the court *a quo* to award them. We found the case brought up by no statement of facts, or in any other manner, which authorized us to review the general application to all the facts of the case, made by the judge *a quo*. The case was transmitted to us for review, only upon particular questions of law, as contemplated by rule 3 of this court. The method of submitting such "particular questions of law," as was involved in this case, being as it was not apparent upon the face of the papers, is by bill of exceptions, as was done. It is the principle of the law, that such bills of exception must be full, explicit and unmistakable, furnishing to the appellate court all the facts and information, necessary to the proper comprehension of the issue involved. It is also settled, that if the bill leaves the matter in doubt, or does not make full revelation, so as to enable the higher courts to pass knowingly upon the question, that the ruling will be presumed to be intrinsically correct, and justified by surrounding and undisclosed circumstances. Rule No. 3 of this court, expresses these principles, and restricts the court to the bill itself, in determining those particular questions, which it is its peculiar and special province to preserve.

We do not consider that we have the right to eke out the deficiencies of the bill by extraneous references to the petition or evidence, or other documents, except when these are made, actually, or by necessary connection with the "particular question" a part of the bill therefor, these may have been affected, or varied by some portion of the unwritten history of the case. Nor, can we consult the general, or final judgment, which may or may not have been molded by incidents of the case, such as confessions, evidence received without objection, subsequent to the occurrence which called forth the bill or even before, but not connected therewith, or referred to therein.

The principle which precludes us from examining the general merits of the case, is, that we have not before us all the facts which go to constitute the same. What is true as to such general examination, is equally correct, as to the examination

of particular issues. We must be certain that we have before us all that bears upon that issue, or rather did bear upon it, when it presented itself to the judge *a quo*. The party seeking relief must see that everything is so furnished and in the shape of the judge's certification to his bill of exceptions, for in groping blindly about, outside of its presence, we may lay hands upon something which though apparently light, has been affected, or its influence destroyed, by other things or matters, which are beyond our sight.

Rehearing refused.