Derbigny, J.
delivered the opinion of the court. The question in this case is simply whether a written lease of immoveable property shall prevail over a verbal one of anterior date, accompanied with possession.
Paul Pearsall the defendant, occupies a tract of land belonging to J. B. Rachel, leased to him by verbal contract. While he was in possession under this lease, J. B. Rachel entered into a contract of lease, in writing, with Hilaire Rachel for the same land. On Pearsall’s refusal to surrender the land to this new lessee, the present action was brought.
*703 West'n District.
September, 1820.
The plaintiff contends that leases of landed property cannot be made verbally, and relies on our statute, Civil Code, 372, art. 8, which says, that “the manner of proving the validity of such contract is agreeable to the rules provided in the title of contracts and conventional obligations in general.” The plaintiff understands this to refer to the rules established for the alienation of immoveables, and quotes the 241st article which provides that “every warrant tending to dispose by a gratuitous or incumbered title of any immoveable property or slaves, must be reduced to writing, and that, in case the existing of such covenant should be disputed, no parol evidence shall be admitted to prove it.” This, however, we think to apply only to the alienation or transfer of property, not to the mere use of it.
The 8th article above quoted expressly says that “leases may be made either by written or verbal contract,” and when referring for proof of it to the rules, provided in the title of contracts and conventional obligations in general, must be understood to refer to the rules of proof respecting the amount of the obligation.
That verbal leases of immoveable property can be made is further established by the 52d article of the same title, where speaking of the indemnity due *704 to the lessee of a predial estate who is turned out before the expiration of the lease, it says “if the lease has not been reduced to writting, the purchaser shall not be compelled to give any indemnification.”
Baldwin for the plaintiff, Johnson for the defendant.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.