EASTERN DIST.
*June*, 1836.

NEWPORT
*vs.*
COOPER ET AL.

A new trial should not be granted on an affidavit of newly discovered evidence since the first trial, when the facts disclosed related to matters which have not been pleaded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## NEWPORT *vs.* COOPER ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The receipt of the receiver of public moneys for government lands is evidence sufficient to show that the title is *out* of the government.

The proceedings of the board of land commissioners, adjudicating on donation claims to land, where they reverse and annul a certificate previously granted by the board, recognizing the donee's claim, will not be received as evidence against such certificate.

The court will presume that a certificate, given by the board of land commissioners, in relation to a claim to government land was issued in pursuance of the provisions of law, and entitles the holder to a patent when its conditions are complied with.

EASTERN DIST.
*June,* 1836.

NEWPORT
*vs.*
COOPER ET AL.

The register and receiver, when acting as land commissioners, for the adjustment of claims to public land, have full judicial authority to act in cases of conflicting locations under different certificates, but are not authorized to revoke or annul a certificate of a claim already granted.

This is a petitory action, in which the plaintiff claims one hundred and sixty acres of land, now in the possession of the defendant, Cooper.

The plaintiff alleges he purchased said land from the government of the United States, as evidenced by the receipt of the receiver of public money at St. Helena, dated the 16th day of November, 1831.

The defendants pleaded a general denial. They aver, that should it appear that any of the land claimed by the plaintiff is in possession of the defendants, it makes part of a donation of six hundred and forty acres granted to William Cooper, by several acts of Congress, passed for the adjustment of titles to lands lying West of Pearl River, &c.

The plaintiff produced the receiver's receipt for the purchase money of the land claimed by him, dated November 16th, 1831.

The defendants offered in evidence the following certificate in support of the averments in their answers :

"William M. Cooper *vs.* Littleton & Packer : Land Office, St. Helena, November, 10th, 1826.

"In this case much evidence has been submitted by the defendants, going to show that the government has been defrauded, or would be by allowing Cooper a donation ; and Mr Cooper has not introduced any evidence to show that the place now claimed by him is the place on which he attempted in 1808, to make his '*tomahawk improvement*' ; nor has he shown, that he at any time made such a settlement or improvement as the law contemplates should hold land. We are therefore of opinion that William M. Cooper has not shown by evidence that he is entitled to lands as *a donation* from government, but feeling disposed that every one applying shall have strict justice done them, so far as we can judge, we allow William M. Cooper, until the first day of March

next, to establish his claim by Spanish documents or other-
wise ; at which time, if he fails to do so, we will recall this
certificate, granted to the said William M. Cooper : It is,
therefore, ordered, adjudged and decreed that this accession
be made a record of this board. Given under our hands,
date above written."

"SAMUEL RUNNELLS, Register,"
"WM. KINCHEN, Receiver."

"Land Office, St. Helena, La., March 1st, 1827."
"The evidence called for to establish the claim of William
M. Cooper, not having appeared satisfactory to the board,
the judgment of November 10th, 1826, is this day made final."
"SAMUEL RUNNELLS, Register."
"WM. KINCHEN, Receiver."

"William M. Cooper. Certificate No. 476, dated 22d,
September, 1826. Land office, St. Helena, 31st May, 1830.
William M. Cooper claims a section of land situate in the
parish of East Baton Rouge, in virtue of certificate No. 476,
and dated as above, signed by Samuel Runnels, register, and
William Kinchen, receiver : It appearing to the satisfaction
of the undersigned that no conflictions exist, therefore ordered
that the same be surveyed and located as follows : to begin
at a bay tree, on the bank of the river Comite, and run
northerly, and afterwards such courses and distances as to
make a form something like a mile square, and so as not to
include more than six hundred and forty acres, there being
no interfering private claims. Given under our hands, at
St Helena, this 31st day of May, 1830."
"THO. G. DAVIDSON, Register."
"A. G. PENN, Receiver."

This order of survey was never executed.
Parole evidence was introduced by the plaintiff to show
the location of his purchase from government. The witnesses
declared that it included Mr. Cooper's improvement and

house, as claimed by him under the donation certificate. This testimony was objected and excepted to by the defendants' counsel.

A bill of exceptions was taken by the plaintiff's counsel to the introduction of the certificates and proceedings of the land commissioners in evidence, because they purport to be adjudications between different parties than those of the present suit, &c.

Judgment was rendered for the plaintiff decreeing him the land he claimed, and quieting him in the possession thereof. The defendants appealed.

*Andrews*, for the plaintiff.

*Elam*, for the defendants.

*Bullard, J.*, delivered the opinion of the court.

This is a petitory action, in which the plaintiff sets up title to one hundred and sixty acres of land in the parish of East Baton Rouge, in virtue of a purchase from the United States. The defendants deny that they are in possession of any land for which the plaintiff has a just and legal title; but they aver that if it should appear that the land claimed by the plaintiff, or any part thereof, is in their possession, the same makes part of a donation of six hundred and forty acres granted to the defendants by the several acts of congress, passed for the adjustment of land claims west of Pearl River and east of the Island of Orleans. That a certificate was regularly granted, on a favorable report made of the same to congress, which was confirmed and subsequently an order of survey given, and that the plaintiff cannot have any legal title to said land.

This answer substantially denies that the title set up by the plaintiff covers the land in possession of the defendants, and alleges title to the land thus possessed; in other words, the *locus in quo* is not admitted.

Judgment was rendered in favor of the plaintiff, and the defendants appealed.

The evidence in support of the plaintiff's title consists of a receipt of the receiver of public moneys, of the price of the land sued for, and this court has often held that sufficient to show title out of the government. But the defendants allege possession under a certificate of confirmation by the register and receiver, at St. Helena, which the plaintiff avers was revoked and annulled by a decision of that board, and in support of that allegation, gave in evidence a document purporting to be a copy of a decision made by those officers in a case of William Cooper vs. Littleton & Packer, in which it is recited that much evidence had been introduced to show that the government has been defrauded or would be by allowing Cooper a donation, and that Cooper had not introduced any evidence to show that the place claimed by him is the place on which he attempted, in 1808, to make his tomahawk improvement, nor that he had shown himself entitled any where to a donation by making a settlement or improvement as contemplated by law. But they allow him further time to introduce evidence of his right, which if he fails to do they declare that they will recall the certificate granted to said Cooper. This order was made in November, 1826, and on the 1st of March, 1827, they say that the evidence not having been furnished, their previous judgment is made final.

The introduction of this document in evidence, was opposed on the ground that it purports to be an adjudication between different parties, and that it is not legal evidence for any of the purposes for which it was offered, to wit, either to prove the locality of the land, the locality of the certificate revoked by the commissioners, or the possession of the land by Cooper. These objections being overruled a bill of exceptions was taken.

We are of opinion that the court erred in admitting this document for any other purpose than to prove the transaction itself, rem ipsam, and that it ought not to have any effect in the decision of this case.

We are to presume that the certificate in question was issued in pursuance of the provisions of law relative to the

EASTERN DIST.
June, 1836.

NEWPORT
vs.
COOPER ET AL.

The receipt of the receiver of public moneys for government lands, is evidence sufficient to show that the title is out of the government.

The proceedings of the board of land commissioners, adjudicating on donation claims to land, where they reverse and annul a certificate previously granted by the board, recognizing the donee's claim, will not be received as evidence against such certificate.

EASTERN DIST. adjustment of land titles in that part of the state, and that
June, 1836. the holder was entitled to a patent when it should appear to

NEWPORT the satisfaction of the commissioners of the, general land
vs.
COOPER ET AL. .office that the certificate has been fairly obtained, according
The court will to the intent and meaning of this act, &c.  Land Laws, p. 762.
presume, that a
certificate given This act of. congress appears to leave it to the discretion
by the board of and sound judgment of the commissioners whether to grant or
land commis-
sioners, in rela- to withhold a patent on the presentation of certificates ; but it
tion to a claim does not authorize the register and receiver to revoke or annul
to government
land, was issued a certificate already granted.  The judicial authority of those
in pursuance of
the provisions of officers, which was fully recognized by this court in the case of
law, and entitles Boatner vs. Ventress, 8 Martin, N. S., 645, is confined to cases
the holder to a
patent, when its of conflicting locations under different certificates.  Land
conditions are
complied with. Laws, page 824, section 4.

The register But the defendants show that afterwards the register and
and receiver,
when acting as receiver, who succeeded to the powers of the former ones,
land commis-
sioners for the recognized the validity of the certificate in question and
adjustment of ordered its location in a particular manner.  This order of
claims to public
land, have full survey was previous to the purchase made by the plaintiff
judicial authori-
ty to act in cases from the United States.  But no survey of either claim is
of conflicting lo-
cations under presented to the court, and the parole evidence is too vague
different certifi- and unsatisfactory to enable us to decide upon the principal
cates, but are
not authorized to question in the cause.  Neither party exhibits a patent, and
revoke or annul
a certificate of a the certificate shown by the defendants, is of older date than
claim already the purchase of the plaintiff.  There ought, in our opinion,
granted.
to have been a survey under the orders of the court, to show
the confliction, if any.  If it should appear that the location,
as ordered by the register and receiver under Cooper's
certificate, covers the land possessed by him and embraces
his improvements, and that it is the same land which the
plaintiff has purchased, the question will yet remain open,
which party has the best title.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled and reversed ;
and it is further ordered, that the case be remanded for a
new trial, and that the appellee pay the costs of this appeal.