GUIDRY
*vs.*
WOODS.

---

## GUIDRY *vs.* WOODS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF

ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

The certificate of purchase from the Register and Receiver is not final evidence of title out of the government, when it is shown, the entry and purchase was improperly allowed; although generally such certificates are considered as sufficient evidence of a sale from the government, as to form the basis of a petitory action.

The Register and Receiver are to decide on the fact, that the applicant for a pre-emption is in possession, and has cultivated the land within the previous year; but if they undertake to grant a pre-emption to land, which the law declares shall not be granted, they are acting on a subject matter clearly not within their jurisdiction.

The commissioner of the general land office, under the supervision of the secretary of the treasury, has the power to declare, what lands, according to law, are liable to entry or location by pre-emption rights or floats; and may cancel the certificate of the Register and Receiver in this respect.

The evidence and deposition of the Land Commissioner, of cancelling the Register and Receiver's certificate of entry and purchase of land, not liable by law to be sold or entered as pre-emption rights or floats, is admissible in proof of these facts.

In a petitory action, when the defendant exhibits the best title, he will be entitled to *final judgment in his favor*, and not merely one of non-suit.

This is a petitory action, in which the plaintiff claims 126 acres of land on Bayou Bœuf, which he alleges is in possession of the defendant; that he purchased the land from the United States as evidenced by the Register and Receiver's certificate and receipt, in Township 3, South; Range 3 East of the basis Meridian line; and that the defendant has illegally taken possession, asserts title, and has committed waste to his damage $1000. He prays judgment for the land and that he be quieted in his title and possession thereto, and for his damages. The defendant pleaded the general issue. He avers, he settled on and cultivated the land in contest, by a residence as an actual settler, being the head of a family, over 21 years of age, and a housekeeper; and that he was in the actual occupancy of said land for more than four months preceding the 22d June, 1838, which entitles him to a settlement right thereto, under the act of Congress, passed the 22d June, 1838; that he has proved up his settlement and pre-emption right, but that the Register and Receiver, in violation of law, and disregarding the instructions of the Commissioner of the General Land Office, permitted the entry of this land under a floating right. That the plaintiff has never produced the written consent for the entry of said land in any form or shape, and had no right to enter the same. He further avers, that he has appealed from the acts and decisions of the Register and Receiver to the Commissioner of the general land office, and the object of this suit is to arrest his proceedings and obtain a judgment by virtue of the certificate of said officers. He prays, that the

WESTERN DIS. plaintiff's demand be rejected ; and that he be confirmed in
September,1841. his claim to the land.

GUIDRY
vs.
WOODS.

Upon these pleadings and issues the cause was tried.

The deposition of the Commissioner of the general land office was offered to show, that the certificate of the Register and Receiver was cancelled, and the land not liable to entry, &c., which was rejected by the court, and a bill of exception taken.

The District Judge was however of opinion, that the plaintiff failed to make out a sufficient title to enable him to recover, gave a judgment of non-suit, from which he appealed.

*Linton & Voorhies,* for the plaintiff and appellant.

*Swayzé & T. H. Lewis,* for the defendant. The defendant made due proof of his pre-emption in the land office at Opelousas, under the act of Congress, approved 22d June, 1838, and tendered the money which was refused, because the township map was not returned, and the entry of the land could not be perfected.   16 La. Rep., 84.

2. The plaintiff's title is null and void, because his entry was illegal.   There was no legal survey of the land, and it was not liable to entry.

3. Admitting, the plaintiff had a right to locate his *float* on any vacant land, he could not legally locate it on the lot in question.   The act of Congress of the 19th June, 1834, gave a right to locate 80 *acres only elsewhere,* and not 126, as was the case here.

4. The plaintiff's entry and purchase was in violation of the regulations of the land office.   See Land Laws, Vol. 2d, 593. Land Instructions, Vol. 2d, 591.

5. The entry of the plaintiff is illegal and void, because the right to locate 80 acres elsewhere, as a float, under the act of 19th June, 1834, requires the location to be made at the time the quarter section is paid for, on which the right accrued, which was not done.   Instructions and opinions relative to public lands, 2. Vol. 595, 418, 619 to 634.

6. The original pre-emption, out of which the plaintiff's float grew, was forfeited, and so declared at the general land office. The act of 19th June, 1834, expired by its own limitation in 1836, and this pre-emption was not *determined* and approved until 1837. *2 Land Laws*, 594.

*Bullard, J.* delivered the opinion of the court.

The plaintiff asserts title to a lot of ground, containing one hundred and twenty-six acres and 3–100 of an acre, being in township 3, South Range 3, East of the Basis Meridian on South of latitude 31, which he complains has been taken possession of by Martin Woods, the defendant to his damage, and he prays, that the title may be decreed to be in him.

The defendant, after denying generally the allegations in the plaintiff's petition, alleges, that he, the respondent, long since in person settled on, inhabited and cultivated the lot of land sued for. That he was an actual settler on said land, and head of a family, and above twenty-one years of age, and a house-keeper on the 22d day of June, 1838, and for four months preceding, commencing on the 22d February, 1838. That by reason of the premises, the title to said land vested in him by virtue of an act of Congress, approved on the 22d June of that year, entitled an act to grant pre-emption rights to settlers on the public lands. That he fully proved all the foregoing facts before the Register and Receiver at Opelousas, but that those officers, in violation of law and in disregard of the positive instructions of the Commissioner of the General Land Office permitted the entry of said land by virtue of a floating right. That the plaintiff never produced his written consent to the entry of said land. That the defendant has appealed from the decision of the Register and Receiver to the commissioner of the general land office, and the object of this action is to defeat that appeal.

There was judgment for the defendant as in the case of non-suit, and the plaintiff appealed. The appellant has not favored us with any arguments either written or oral, and relies, we

presume, upon the evidence of his title in the record. The appellee, in answer to the appeal, prays, that the judgment may be amended and rendered final in his favor, instead of one of non-suit.

It is shown conclusively, that the purchase or entry by the plaintiff has been upon opposition or appeal, annulled and declared void by the commissioner of the general land office, and that decision approved by the secretary of the treasury. This decision is founded upon several grounds, one of which is, that a township plat, duly approved of the township in which the land is situated, did not exist in the office at the time of the purchase ; and another, that the float of the plaintiff was not located at the same time, that he availed himself of his principal pre-emption right as an actual settler, according to the construction put upon the act of Congress by the land department. This decision was communicated to the Register and Receiver at Opelousas, and the commissioner in a subsequent communication, remarks : "This office having upon a reference of the case of Hypolite Guidry and Celeste de Lafosse decided, that the floats of either of those individuals could be located on T.3, S. R. 3, E. and in a letter of the 17th November, communicating to you that decision, and having, notwithstanding permitted the floats of those individuals to be located in said township, and one thereof on lot 72, T. 3, S. 3, E., above mentioned, this office on the 18th of December last, for those reasons and others mentioned in that communication, cancelled certificates 1917 and 1918. Said tract therefore, being public land, no reason is seen, why the claim of Martin Woods should not have received some action at your hands ; and it is accordingly returned for your examination and decision."

It is clear, that the mere certificates of purchase, such as are exhibited in this case, are not final evidence of title out of the government ; although this court has generally considered them sufficient evidence of a sale from the government, as to be the basis of a petitory action. Such certificates are liable

The certificate of purchase from the Register and Receiver is not final evidence of title out of the government, when it is shown the entry and purchase was improperly allowed ; although generally such certificates are considered as sufficient evidence of a sale from the government, as to form the basis of a petitory action.

to be cancelled by the land department, when they are shown not to have been fairly and legally obtained. The decision of the Register and Receiver, in the absence of fraud, would be conclusive as to the facts, that the applicant for the land was then in possession, and of his cultivation of the land within the previous year; because these questions are directly submitted to those officers. Yet if they undertake to grant pre-emptions to land, on which the law declares they shall not be granted, then they are acting upon a subject matter clearly not within their jurisdiction; as much so as a court, whose jurisdiction was declared not to extend beyond a certain sum, should attempt to take cognizance of a case beyond that sum. 13 Peters, 498.

The evidence further shows, that the certificate was not granted or the entry made until long after the act of Congress of 1834, under which it purports to have been given, had expired by its own limitation. The purchase appears to have been made in virtue of a *pre-emption float*, under the act of Congress of the 19th June, 1834, and the certificate of purchase bears date May 3d, 1838. The construction put upon that law at the department has always been, and the instructions to the Registers and Receivers conformable to it, that these *floating rights*, as they are called, to eighty acres, under the act, must be entered and located at the time of entry of the tracts, on, which such floating rights accrued, and that these floats are liable to the same disabilities, as the original pre-emptions, under which they accrued, and which the law requires to be located before the commencement of the public sales, which shall include such original pre-emption tracts. Public Lands, Part II. Opinions and instructions, 633 et seq.

We do not doubt the authority of the commissioner of the general land office, under the supervision of the secretary of the treasury, to decide upon questions such as that presented by the case of Guidry, relating to the true construction of the act of Congress, and declaring void a certificate of purchase of lands, which the law forbids to be sold or disposed of; although

The Register and Receiver are to decide on the fact, that the applicant for a pre-emption is in possession and has cultivated the land within the previous year; but if they undertake to grant a pre-emption to land, which the law declares shall not be granted, they are acting on a subject matter clearly not within their jurisdiction.

The commissioner of the general land office, under the supervision of the secretary of the treasury, has the power to declare whta lands according to law are liable to entry or location by pre-emption rights or floats; and may cancel the certificate of the Register and Receiver in this respect.

WESTERN DIS. the Register and Receiver alone have jurisdiction to decide
September,1841. who is entitled to a pre-emption, that is to say, as to the suffi-

GUIDRY
vs.
WOODS.

ciency of proof of settlement and cultivation under those acts. 4 La. Rep. 549 ; 6 Idem, 12.

But even if the land department had decided otherwise, we held in the case of Jourdan et al. vs. Barrett et al., 13 La.Rep. 41, that the decision of the secretary of the treasury, under the back-concession or pre-emption laws, approving the operations of the surveyor general, in making the apportionment among different claimants, was not conclusive upon the legal rights of the parties. under the act of Congress. The same principles apply to other officers, who do not act judicially. The present case can hardly be distinguished from that of Marsh & Miller vs. Gonsoulin, so far as concerns the right of the defendant. 16 La. Rep. 84.

The court, in our opinion, erred in rejecting the written evidence of the cancelling of the plaintiff's certificates, and the depositions of the commissioner of the general land office.

The evidence and deposition of the land commissioner, of cancelling the Register and Receiver's certificate of entry and purchase of land, not liable by law to be sold or entered as pre-emption rights or floats, is admissible in proof of these facts.

The certificates having been declared null by competent authority, and being evidently void under the act of Congress, which forbids the disposition of the public lands, until a township plat duly approved shall be returned to the officer, and on other legal grounds, it is clear, the plaintiff exhibited no subsisting title to the *locus in quo*.

In a petitory action, when the defendant exhibits the best title, he will be entitled to *final judgment in his favor*, and not merely one of non-suit.

The defendant insists upon his right to a final judgment, instead of one of non-suit. Although this court disclaims any right to decide upon the question, whether the evidence of occupancy and cultivation be sufficient to entitle the defendant to purchase as a pre-emptioner, yet we do not see, why there should not be final judgment against the plaintiff, and the defendant be protected in his possession against any future action upon the same pretended title. Without deciding therefore, that the defendant has a valid title against the government or any other person, we think his title better than that exhibited by the plaintiff.

It is therefore adjudged and decreed, that the judgment of the district court be reversed and annulled, and ours is, that there be final judgment against the plaintiff, and that he pay the costs of both courts.