Kittridge v. Landry.

## Ebenezer Eaton Kittridge *v.* Eugene Landry.

It will be no objection to the admissibility in evidence of an act, executed by plaintiff's vendor, in relation to the land in dispute, that no evidence was adduced of its having been recorded in the office of the parish judge, without which it could have no effect against third persons. Whether the act is binding on the plaintiff, is a question going to the effect, and not to the admissibility of the instrument.

An instrument offered in evidence, will not be rejected on the ground that it appears to have been wrongfully obtained. It will be received, and its effect tested afterwards.

Parol evidence is admissible to sustain a plea of prescription, by establishing possession, its character, and other requisites to sustain the plea; or to disprove it, by showing that the party did not possess as owner, or had renounced the benefit of prescription.

The seventh section of the act of Congress of 11th May, 1820, reviving sect. 5 of the act of 3d March, 1811, authorizing the owner of any tract of land bordering on a water course in the territory of Orleans, to purchase, by preference, any vacant land not exceeding a certain quantity, in the rear of, and adjacent to his tract, continued in force by sect. 1 of the act of 28th Feb., 1823, requires that the land to which such privilege is given, should be included within limits produced by the extension of the side lines of the front tract in the same direction; it contemplates no variation, but in the event of its being found necessary to divide the back lands among several claimants.

Surveys made by surveyors in the service of the United States, though sanctioned by the Principal Deputy Surveyor of the District, may be corrected when erroneous.

A notarial act, by which it was agreed that certain lines should form the boundary between the lands claimed by the parties thereto, not recorded in the office of the Parish Judge, is void as to third persons, or innocent purchasers without notice.

Appeal from the District Court of Assumption, *Nicholls, J.*

Garland, J.   The petitioner represents that on the 3d of May, 1822, André Le Blanc was the owner and proprietor of a tract of

land in the parish of Assumption, on the bayou Lafourche, containing five *arpens* front, by forty in depth, bounded above by the land of Paul Landry, and below by that of Jean Louis Landry. That on the day aforesaid, and on the 28th of August, 1824, the said Le Blanc, in compliance with two acts of Congress, passed on the 11th of May, 1820, and the 28th of February, 1823, authorizing the inhabitants of Louisiana to enter the lands adjacent to, and in the rear of their front tracts, purchased from the United States certain vacant lands adjacent to, and in the rear of his front tract, not exceeding in quantity the number of *arpens* in the front tract, as will appear by the receipts of the Receiver of Public Moneys for the South Eastern Land District; which lands were located and surveyed in the months of April, 1830, and May, 1837, and the location and survey approved by the Surveyor General of the United States for the state of Louisiana.

The petitioner further represents that he is now the owner and proprietor of the land so purchased by Le Blanc. That he, and those under whom he claims, had always been in quiet and peaceable possession, by a legal title, until the month of January, 1837, when the defendant, under pretence of having a title thereto, took possession of a portion of said land so claimed by him, and has committed waste and damage on the same by cutting down and destroying valuable timber, to the damage of the petitioner, $2000. He, therefore, prays that the defendant be adjudged to restore and deliver to him so much of his land as he has taken possession of; that his (petitioner's) title be declared good and valid; and that he recover the damages before stated.

The defendant, after a qualified general denial, avers that he is the absolute owner of a tract of land in the parish of Assumption, on the right bank of the bayou Lafourche, in the rear of, and adjacent to a tract that belonged to Mdme. Celeste Breaud, which was acquired by him in January, 1826, from Celestin Mollere, bounded above by vacant land, and below by a tract of land purchased by André Le Blanc of the United States, the upper part of which was then occupied by Guillaume Mollere. That Celestin Mollere purchased said tract of land from the United States on the 28th of August, 1824, under the acts of Congress of May 11th, 1820, and of the 28th of February, 1823, and that the same

was surveyed and located in April, 1825, by Grinage, a Deputy Surveyor of the United States, and the survey and location approved by Turner, the Principal Deputy Surveyor of the District.

He alleges that Le Blanc's entry or purchase was surveyed and located in May, 1823, by Auguste Bonnet, a Surveyor of the United States, and also duly approved by T. Wilson, the Principal Deputy Surveyor of the District; and that the upper boundary line of Le Blanc, as surveyed by Bonnet, coincides with the lower boundary of the claim of Celestin Mollere, as surveyed by Grinage.

It is alleged that in the month of April, 1833, the said André Le Blanc, with the respondent, and several other persons, entered into an agreement by notarial act, by which it was stipulated that they should consider and maintain the surveys made, and lines drawn by Auguste Bonnet, as good and valid, so far as related to them or their assigns.

It is further answered, that the respondent, and those under whom he claims, have for more than fifteen years been in actual possession, under the aforesaid boundaries and titles, as owners, whereby he has acquired a title by the prescription of ten years.

The respondent further alleges that he has made valuable improvements on the land, by clearing it, and erecting houses, fences, and other works, to the value of $2000. That he is a possessor in good faith, and, in case of eviction, is entitled to compensation for the same. He therefore asks that plaintiff's claim be rejected; but if allowed, that he recover the sum of $2000 for the improvements.

After this answer had been filed, the plaintiff was permitted, by a supplemental petition, to call Lazare Hebert, his immediate vendor, in warranty, for the purpose of prosecuting this suit. The record does not show that he was ever cited or appeared ; but André Le Blanc and wife, who were not made parties, were cited, and the former appeared, and excepted to answering. His exception was overruled, and no other notice is taken of any of them on the trial.

The evidence shows that Le Blanc purchased his back lands on the 3d of May, 1822, and the 28th of August, 1824, as is more particularly stated in the opinion delivered in the case of

*Kittridge* v. *Breaud*, decided at the present term, *ante* p. 40, and had them surveyed as therein stated. The plaintiff holds under him by different mesne conveyances. The early surveys of Bonnet show that, instead of extending the side lines of the front tract, the upper of which ran south $74\frac{1}{2}°$ east, until the proper quantity could be obtained, that surveyor changed the direction of that line, when he commenced measuring the back land, and ran it south 85° 45′ west, in consequence of which, the land purchased by Le Blanc was not directly in the rear of his front tract, although adjacent thereto.

Celestin Mollere, the vendor of the defendant, purchased the tract of land claimed by him on the 28th of August, 1824, under the same act in relation to the entry of back lands under which Le Blanc had purchased. In locating it, the surveyor, Grinage, ran the lines in the same manner as Bonnet had, and returned his plat, which was approved.

When these surveys were made, there had been no general survey of the lands in that quarter of the country; and when, several years afterwards, one was made, under the direction of the Surveyor General of the United States, no attention seems to have been paid to the surveys of Bonnet and Grinage, or if noticed, they were disregarded; and the lines of various back tracts of land were run by continuing the side lines of the front tracts on the same courses, until they extended far enough to include the quantity desired.

The defendant purchased the land in 1826, by an authentic act duly recorded, and has ever since been in possession within the boundaries fixed by Grinage. Nearly the whole of the $21\frac{5}{100}$ acres in dispute is cleared, and has been in cultivation for ten or twelve years. The possession of the defendant has been open, continuous, and within the boundaries above stated.

At the trial, all questions in relation to improvements and damages were reserved. There was a judgment in favor of the defendant, and the plaintiff has appealed.

*Connely* and *Ilsley*, for the appellant.

*Miles Taylor*, contra. The defendant acquired the tract of land as represented in the survey made by Grinage in 1825, in good faith, and by a just title, and has been ever since in the continu-

ous, uninterrupted, peaceable, public, and unequivocal possession thereof as owner, and is entitled to the benefit of the prescription of ten years. Civ. Code, arts. 843, 849, 3442, 3445, 3449, 3450, Nos. 1, 2, 3.

The notarial act recognizing the line run by Bonnet, executéd by A. L. Blanc and others, was improperly rejected. The plaintiff is not a third person. He stands in the place, and is bound by the acts of his vendor. Civ. Code, art. 3522, No. 29. 2 Moreau's Dig. 286, § 7. *Stafford* v. *Grimball*, 1 Mart. N. S. 554.

Parol testimony to prove that defendant had agreed, after his title had become perfect by prescription, to hold the land in dispute from the plaintiff as his lessee, was properly refused. The tacit renunciation of prescription, which would result from such a fact, *would in effect transfer immoveable property ;* such a transfer can only be established by written proof. Civ. Code, arts. 1813, 1818, 1820, 1840, 2255. 5 Mart. N. S. 250. 4 La. 377.

GARLAND, J. In the course of the trial in the District Court, the defendant offered in evidence the notarial act mentioned in his answer as having been made by Le Blanc, himself, and others, in which they agreed to maintain and abide by the lines and boundaries made and fixed by Auguste Bonnet, for the purpose of proving the allegation in the answer. To the reception of this document, the plaintiff, by his counsel, objected, on the ground that there was no evidence that the act had ever been recorded in the office of the parish judge, and that it could have no effect against third persons. The court sustained the objection, and the defendant excepted. In this we think the judge erred. The act was certainly good between the parties, and bound them so far as related to lands that belonged to them. Whether it bound one claiming under either of the signers, was a question that went to the effect of the instrument and not to its admissibility. In 6 Mart. 702, it was decided, that a deed offered in evidence ought not to have been rejected on the ground that it appeared to have been wrongfully obtained. It should have been admitted, and its effect tested afterwards. In this case, the registry was not essential to make the act valid. The copy was obtained from the notary who had charge of the original ; and it might have been shown by other evidence than a certificate on the copy, that the original had been

recorded. The document comes up with the record, and we are enabled to consider its effect on the rights of the parties.

The second bill of exceptions is taken by the plaintiff. In the course of the trial he offered parol evidence to prove the defendant had made proposals to lease the land in dispute, and had by his acts renounced any title he might have acquired by prescription; and to show, further, from his own acknowledgments, that he did not possess as owner, but considered his possession as that of the plaintiff. To this the defendant objected, on the ground that no parol evidence could be introduced to affect the defendant's title acquired by prescription. The objection was sustained, and the plaintiff excepted. In this we think the court again erred. To maintain the plea of prescription, parol testimony is most generally resorted to for the purpose of proving possession, its character, and other requisites necessary to sustain the plea, and maintain a title under it. If parol evidence be admissible to establish a title by prescription, it is certainly also admissible to rebut the legal presumption of a title, arising from a certain state of facts. A party might have an apparent good title to property, and yet, knowing that there were defects in the claim, admit it, and thereby destroy the good faith necessary to sustain the prescription of ten years. The conclusion to which we have come on the bills of exception, renders it necessary to remand the cause for a new trial; but in doing so, we shall express an opinion on some of the points presented, which may enable the inferior court to decide the cause with more facility, and finally settle the rights of the parties.

As to the surveys made by Bonnet and Grinage, we think that they were not made in conformity to law; nor do they come within the spirit of the acts of Congress granting pre-emption rights to the lands adjacent to and in the rear of the front tracts. Those acts contemplated that the quantity should be obtained and included within limits, drawn by an extension of the side lines of the front tract, in the same course; and no variation seems to have been contemplated, unless it should become necessary to divide the back lands among several claimants. 1 Land Laws, 588, § 5, Opinions and Instructions in relation to the Public Lands. In

this case it seems that there is land enough to give all the parties what they claim ; but the difficulty is where they shall take it.

The counsel for the defendant contends, that as the surveys were made by regularly appointed surveyors of the United States, and approved by the Principal Deputy Surveyor of the District, they are unalterable. We do not think so. If surveyors violate the law in their operations, it is in the power of the courts of justice to correct their errors ; and the sanction of the principal deputy of the district does not place their acts or his, beyond the control of the laws. We have held, on several occasions, that we could and would correct the legal opinions of registers, receivers, and other officers engaged in disposing of the public lands ; and we see no reason why the same control should not be exercised over the surveyors of the public domain.    19 La. 334, 510.

As to the agreement entered into by André La Blanc, the defendant, and others, to maintain and hold good the lines run by Auguste Bonnet, we are of opinion that it is not obligatory on the plaintiff; that the agreement or contract not having been registered in the office of the parish judge, does not bind third persons or innocent purchasers without notice, any more than a mortgage or an anterior sale not recorded would do.    The public surveys as exhibited in the Register's office or in that of the Suveyor General of the state, did not show the lines fixed by that agreement ; it was therefore inoperative. Had it been recorded, the plaintiff might have seen how the boundaries were adjusted and fixed, and might have known how to conduct himself in relation thereto.    The agreement in fact amounts to an alienation of the quantity of land now in dispute ; and there is no evidence to show that the plaintiff was in any manner informed of it.  He looked to the acts of Congress under which the author of his title purchased.    They informed him that the lands he was authorized to purchase were to be in the rear of and adjacent to his front tract.    When he looked to the latest surveys made under the authority of the Surveyor General of the United States, he saw the land purchased, so located, and the certificate of the Register or receipt of the Receiver showed that it should be there.    It cannot therefore with propriety be said, that a private agreement, not recorded, should control all these

Kittridge v. Landry.

public muniments of title, after the property had passed into the hands of an innocent purchaser.

The counsel for the defendant insists, that the plaintiff is not a third person in relation to this contract, being the *ayant cause*, or transferee, of all the rights of Le Blanc; one of the parties to it. He says that the property came into his hands with this contract on it, and that he is bound by it. The Code informs us, that third persons are all those who are not parties or privies to a contract.* It is certain the plaintiff was no party to this agreement in relation to boundaries, nor is there any evidence that he was in any manner privy to it. This case is different from that of *Stafford* v. *Grimball*, 1 Mart. N. S. 554, in this, that the purchaser insisted on enforcing an agreement in relation to boundaries somewhat similar to the present against one of the parties to it, who resisted on the ground that the benefit of the agreement was not transferred by a mere sale of the land. There it was evident the purchaser knew of the contract relative to the boundaries, and not only assented to it, but wished to enforce it against a contracting party.

As to the plea of prescription it is not proper we should notice it now, as a portion of the evidence that may bear upon it, was excluded by the court below.

The judgment of the District Court is therefore annulled and reversed, and the case remanded for a new trial, with directions to the judge of said court, not to reject the testimony offered by both plaintiff and defendant mentioned in the bills of exception, and to conform, in his opinions, to the principle herein established, and otherwise to proceed according to law ; the defendant paying the costs of this appeal.

---

* Third persons, with respect to a contract or judgment, are all who were not parties to it. C. C. 3522, No. 32.