### E. SIMON *v.* P. REYNAUD.

An admission that F. P., if present, would swear that he was appointed administrator of A.'s succession in September or October, 1848, is not proof that F. P. was the duly qualified and acting administrator on the 4th November, 1848.

A demand made at the domicil of the deceased drawer, of his widow, is good to bind the endorser.

APPEAL from the District Court of Monroe, *R. W. Richardson*, J.

The following testimony was given as to the demand of payment of the note sued on :

"Payment of the notes was demanded at maturity, and notice was given to the endorsers, demand was made on the widow of the drawer at his domicil by my deputy, &c., &c.

*McGuire & Ray*, for plaintiffs.  *Baker*, for defendant and appellant.

*Felix Percy*, the administrator of *John Fink*, was the person of whom the demand should have been made and not the widow, and the following elementary authorities and decisions are relied upon : Bailey on Bills, 219 ; Chitty on Bills 389 ; Story on Bills, p. 279, § 346 ; Story on Promissory Notes, p. 286, § 241, 253 ; 3 Peters, 87 ; 7 Peters, 287 ; 7 Martin, 366 ; 7 L. 495, *Toby* v. *Maurian.*

It is true that this Court has once decided that "where the maker of the note is dead on the day it is due and payable, and an administrator is appointed, it is unnecessary to make a demand on him, in order to charge the endorser, because he is not authorized to pay any claim against the estate until after the expiration of a certain time," 10 L. 466.  This decision is based upon a decision of the Supreme Court of Massachusetts, *Hall* v. *Burr*, 12 M. R. 86.  That Court held that when the legal representative of an estate is prohibited by law from paying any claim against it until after the expiration of a twelve-month, no demand need be made on him in order to charge the endorser.  A reference to that case will convince us that there were some collateral facts connected with it, which might excuse the proof of demand on the administrator, as it was shown that his agent frequently visited the counting-room of the maker, and was generally informed of the condition of the estate.  The decision was made in 1815, and the Court express some doubt whether the principles which govern bills of exchange are applicable to promissory notes ; those doubts have long since become certainties.

Judge Story, in his work on promissory notes, after stating the substance of the decision of the Massachusetts case, remarks : "But, quere, if this be a satisfactory reason—in the first place, the executor or administrator might, if he had ample assets, pay the note to avoid the running of interest, and, in the next place, the contract of the endorser is conditional, that he will pay the note, if duly presented and not paid at its maturity.  The fact, that it may not, or will not be paid by the maker at its maturity, does not, in other cases dispense with the obligation implied by law, on the part of the holder, to make due presentment.  Why should it, in the case of the death of the party ?  The French law is against the Massachusetts decision, Pothier de Charge. N. 146." Story on Promissory Notes, p. 298, note 4 to § 253.  The same observations are applicable to the *Landry* case : 10 L. 486.  We think that the collaterate facts had great weight with the Court in the formations of the opinion in each case, and that neither of them can be maintained on principal.  The French and English laws are coincident upon the necessity of a due presentment and demand of payment, in case of the death of the maker, and in such a case, the protest for non-payment must still be made : Story on Promissory Notes, p. 298 -9.

SPOFFORD, J.  We do not think the plaintiff's admission that *Felix Percy*, if present, would swear that he was appointed administrator of the maker's succession in September or October, 1848, is sufficient proof that he was the duly qualified and acting administrator on the 4th November, 1848, the day of the demand.

Even were it so, the decision relied upon by the appellant's counsel, *Toby* v. *Maurion*, 7 L. 495, is not applicable to the facts of the present case.

The case of *Landry* v. *Stansbury*, 10 L. 486, is an authority directly in support of the judgment appealed from.

The demand was made at the domicil of the deceased, of his widow, who answered that the same could not be paid at present.

The Judgment affirmed with costs.