WESTERN DIS
October, 1833.
————
MILLER
vs.
WHITTIER
ET AL.

In such a case, the effect of the first judgment is suspended, and does not resume its legal character till after the reversal of the second judgment.

————

MILLER *vs.* WHITTIER ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

In an assignment of errors apparent on the face of the record, nothing can avail the appellant which could have been cured by evidence legally introduced in the inferior court.

If the correctness of a judgment be questioned and the Supreme Court are not furnished with the evidence on which it was rendered, it will be presumed to have been rendered on evidence which authorised it.

A judgment of the inferior court cannot be altered against a party who is not before the Supreme Court.

While the appellant is by the judgment condemned to pay the exact sum he owes, he cannot assign as error that the plaintiff has also judgment against another person for an equal or less sum.

This suit is brought against the drawers and endorser of the following note.

"$400                                        Alexandria, April 2, 1832.

"On the first day of March, 1833, we jointly and

WESTERN DIS
October, 1833.

MILLER
vs.
WHITTIER
ET AL.

severally promise to pay to the order of John Taylor, four hundred dollars with ten per cent. per annum interest thereon, from the *first* of March last, until paid, for value received, payable and negotiable at the Bank of Louisiana, at Alexandria."

<div align="center">"Jeffries and Whittier."</div>

Endorsed "John Taylor."

The petition charges R. S. Jeffries and Osgood Whittier as drawers, and John Taylor as endorser, to be liable *in solido* for the amount of the note; and prays judgment against Whittier and Taylor *in solido*, Jeffries being dead.

In making protest of the note, the notary states that at the request of *the bank*, he presented the note to the cashier thereof for payment, who "replied that he would not pay said note," wherefore, he the said notary protests, &c.

The note was deposited in bank for collection without the endorsee's putting his name on it. He now sues in his own name and right.

The district judge in rendering judgment on the minutes, decided that the defendants were bound *in solido* and gave judgment against all of them accordingly.

Upon a motion for a new trial, without granting or deciding on it, the judge proceeded to *revise* his judgment, and condemned Whittier to pay $200 as drawer, and Taylor the endorser to pay the whole amount of $400 with interest; the costs to be borne equally by both parties. No evidence appears in the record, upon which the amendment of the judgment was made.

Taylor appealed.

MARTIN, J., delivered the opinion of the court.

The defendant and appellant relies for the reversal of this judgment on an assignment of errors on the face of the record.

1. From the allegation in the petitions the note and protest do not correspond. The endorsement showing the Bank of Louisiana was the holder and not the plaintiff; and if the

WESTERN DIS
*October*, 1833.

MILLER
*vs.*
WHITTIER
ET AL.

latter put the note in bank for collection, the proceeds would have gone to the credit of the appellant, Taylor, the only endorser, so that the note could not be protested.

2. The note is not in law or commerce a negotiable note, and Taylor as assignee, guaranteed nothing but the existence of the debt.

3. If the note was negotiable, all persons who placed their names on it, were bound *in solido*, and so the first and amended judgment was correct.

4. The District Court erred in amending the judgment on the motion for a new trial.

5. On the final judgment against Whittier, he is responsible to his co-defendants for one half of the amount of the note, while if it is to be considered as *negociable*, he would as drawer be liable to the drawee for the whole.

6. By the final judgment the appellee can issue execution against Whittier for one half of the debt, and against the appellant for the whole, whereby he has judgment for the amount of his claim and one half more.

According to the settled jurisdiction of this court, nothing can avail the appellants in an assignment of error apparent on the face of the record; that could have been cured by evidence legally introduced in the inferior court.

In an assignment of errors apparent on the face of the record, nothing can avail the appellant which could have been cured by evidence legally introduced in the inferior court.

I. According to this view of the case, the plaintiff might well have proved at the trial, that he had deposited the note for collection; that the practice in the office of the institution at Alexandria is different than is alleged, or was departed from in this instance.

II. It may have been shown that all the parties to the note are merchants and the note was given in a mercantile transaction.

III. The third assignment of error assumes the correctness of the first judgment. As we have not before us the evidence on which it was given, our duty is to presume it was rendered on evidence which authorised it.

If the correctness of a judgment be questioned, and the Supreme Court are not furnished with the evidence on which it was rendered, it will be presumed to have been rendered on evidence which authorised it.

IV. Whittier is not appellant of the second payment, and it does not affect the interest of Taylor the only appellant, who does not complain of it otherwise than affecting his own

interest, and not as affecting those of Whittier and thus perhaps individually his own, as having an interest in having a different judgment against Whittier, which cannot be done whilst the latter is not before us.

V. Assignment of error relates to the amount of Whittier's liability, which for the reasons just given cannot be the object of our consideration in the present case.

VI. While the appellant is by the judgment condemned to pay the exact sum he owes, he cannot assign as error that the plaintiff has also judgment against another person for an equal or less sum.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Barry*, for the plaintiff and appellee.

<div style="text-align: right">

WESTERN DIS
*October*, 1833.

A judgment of the inferior court cannot be altered against a party who is not before the Supreme Court.

While the appellant is by the judgment condemned to pay the exact sum he owes, he cannot assign as error that the plaintiff has also judgme :t against another person for an equal or less sum.