"W"iieeleR, J.
The appellee sued the appellant upon an alleged contract that, in consideration of materials furnished and labor done by the plaintiff at the request of the defendant, he (the defendant) promised the plaintiff to pay him therefor the sum of $500.
The petition seems to have been framed in imitation of a common law declaration in assumpsit, embracing three counts: the indebitatus assumpsit, quantum meruit and account stated. But as no exception has been taken to its legal sufficiency, and as it will not therefore become necessary to institute any inquiry upon that subject, its contents need not be stated.
The answer contains a general denial and also sets up new affirmative matter in avoidance; and in support of such new matter certain writings, purporting to be a subscription and contract for the erection of a jail, are filed as a part of the answer.
There was a verdict for the plaintiff, which was set aside, a new trial granted and a second verdict and judgment for the plaintiff, from which the defendant appealed.
There is in the record no statement of facts agreed or certified as the facts of the case.
At the present term a motion is made by the appellant to remand the cause for a new trial, grounded on the affidavit of the district judge and one of the attorneys for the appellant, setting forth that a statement of facts with the charge of the judge were made out at the trial but have since been lost.
~VVe have considered the motion in connection with the record. In its determination two question are presented.
1. Are we authorized by law to remand a cause upon an application founded on matters not disclosed by the record?
2. Is the present a case proper for the exercise of such authority?
In support of the motion we are referred to two cases decided in Louisiana. In one of these, Watson v. Clare, 5 Mart. (1ST. S.) 100, Martin J. says: “As the plaintiffs find themselves without their fault *(137) unable to place the merits of the case before us, we think they are entitled to relfef, and we cannot afford it otherwise than by remanding the cause for a new trial, as we are authorized to do whenever justice cannot be attained otherwise;” and he cites for this opinion, Porter v. Dugat, 9 Mart. 92. It does not, however, very clearly appear from the report of the case, in what manner the case was presented to the court; whether by the record or by evidence aHwnde. In the latter case it seems that the record showed that the counsel could not agree upon the facts and'their agreement, thereupon, that the judge should make out the statement and his promise to do so. And in the former case it is, I think, to be inferred that the “insufficiency of the statement of facts” was made apparent by the record. This opinion seems favored by the language of the decision in Davis v. Dancy, 1 Mart. (N. S.) 589, where the court remanded the cause, it appearing (though irregularly brought to their knowledge) that all the evidence was not taken down by the clerk, pursuant to a law of the state. But the court remark that the record, when filed, wanted the certificate of the proper officer, and that the information of the defect in the statement of the evidence having come to them in an irregular way could not be noticed if the record had been positively certified in the first instance.
There are also some striking points of difference between the case mainly relied on and the one under consideration. In that case (Porter v. Dugat) it appears from the record, that the plaintiff, who was also the appellant, offered to make out the statement of facts before judgment, but was unable to agree with the opposing counsel and that it was then agreed by the parties that the judge should make out the statement, which it became his duty to do — that the plaintiff moved for a new trial below, which was refused and a bill of exceptions taken. In that case a statement of the evidence before the jury was necessary to ascertain whether the verdict was against evidence and whether the court erred in refusing the new trial.
None of these features are presented in the case before us, and • though, on a superficial view, the authorities cited would seem to sustain the motion, yet it is conceived that when more carefully examined, they will be found in the most material respects not in point.
But if we may not remand a cause (when a proper case is presented)' upon any other evidence than that contained in the record, it may truly be said that the injured party is without a remedy. It is indeed difficult to perceive what adequate redress is left to the party, when the statement of facts has been lost, and that loss is not discovered until the cause has been removed from the only forum where it can *(138) be supplied. After the appeal has been consummated and^he jurisdiction of the appellate court has attached, to suppose the judge or court below competent to afford redress by granting a new trial, would be to suppose in that judge or court a power adequate to wrest from the appellate court a cause before it and to strip it of its jurisdiction — a power subversive of the authority and jurisdiction of the appellate court. The mere absence, however, of any other remedy can confer on us no authority to grant relief. If we have the power, the exercise of which is invoked, it must be found either in the express law or in those powers necessarily incident to the rightful exercise of appellate jurisdiction.
The view we have taken of the other question presented renders the decision of this unnecessary at present, and it is conceived too important to be decided hastily or without due consideration.
3. If we may remand upon an application like the present, it will be conceded that it can only be when the party making it is without fault. Is this the case of the appellant? The trial was had in November, 1841. The motion to remand is made at the present term, after more than five years have elapsed from the rendition of the judgment, and no attempt is made to account for this delay. We think the application has been too long deferred — that the party, having thus slept upon his rights, does not show himself without fault. Prudhommie v. Murphy, 5 Mart. (N. S.) 90; O. Cond. 375. It seems to us that it would be manifest injustice to the appellee at so remote a period, after he has twice proved his demand to the satisfaction of a jury and when the facts upon which it rests may have faded from the memory of his witnesses, to compel him now again to establish his demand, when too (so far as we are informed by the appellant) he might have made the present motion years ago, when all the facts connected with the case were fresh in the recollection of the parties and their witnesses. We conceive that to entertain the present appliwould be to permit a party by his own negligence and laches to better his own, by placing his adversary in a worse condition; to suffer him, by taking advantage of his own wrong, to inflict, perhaps, upon the opposite party an irreparable injury.
As this objection is in our opinion conclusive against the application, it becomes unnecessary to decide upon its intrinsic sufficiency, or to inquire what action would have been proper, had it been presented in due time.
Having disposed of the motion, we have looked into the record to ascertain what judgment we ought to render in the case.
The appellant assigns a§ error that the charge to the jury did not *(139) embrace certain information and charges which, he conceives, would have been proper. He complains of the charge given as erroneous, because it omits certain topics specified, when it does not appear that any other information or charge was asked of the judge. The substance of the charge given appears to have been, that if the defendant contracted in his individual character, he was liable as charged, but that he was not liable if he contracted in the character of commissioner or agent for the public. "We see no error in this. The mere omission of the judge to give a charge not asked by the party is not error. 10 Mart. 66; 6 Wend. 268.
But it is maintained that the writing exhibited by the defendant is the highest evidence of the contract, and should have been declared on. That writing may have had no connection with the cause. It may have been proven to have been between other parties or to have been a forgery or canceled. It is easy to perceive that its connection with and legal bearing upon the cause may have been repelled by proof; and we are not authorized to reverse a judgment when there may have been admissible evidence to support it. “ Nothing can be assigned as error of law, which could have been cured by evidence legally given on the trial.” “ We are bound to presume, until the contrary is shown, that the judgment below was rendered under those circumstances, and with that evidence which made it legal and correct.” By Porter, J., in Flower v. Hagan, 2 La. 223; 12 Mart. 304; 1 Mart. (N. S.) 599; 6 La. 70; 10 id. 152.
There are various other causes assigned why the judgment should be reversed; but they all proceed upon the assumption that we have a statement of the facts before us, a supposition negatived by the record and also by the appellant’s counsel. As they appear to have no application to the case as presented, their discussion would be useless and quite foreign to the cause.
It not appearing that there is error in the judgment of the district court, that judgment must be affirmed.