## A. E. MORRIS v. L. M. MONTGOMERY ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Mechanic's lien—Pleading.*—Where there are no pleadings to support the judgment, it will be reversed, although there are no statement of facts or bill of exceptions.

*Same—Knowledge and acquiescence.*—There is no basis afforded upon which to charge a stranger with pecuniary liability, nor to subject his estate to a lien for the payment of the debt of another, there being no *other* privity between him and parties contracting for material to build upon his land than mere knowledge and acquiescence.

Appeal from Washington county—Opinion by Walker, J.—William J. and Thomas A. Montgomery brought suit on the twenty-seventh of June, 1876, against A. E. Morris, on a note for $248, payable to the plaintiffs, made by the defendant, dated February 26, 1875, due on the first day of November, 1875, which note recited on its face that the consideration was a bill for lumber, purchased of plaintiffs' agent to build a house occupied by him as a homestead.

The petition prayed for a judgment for the amount of the note, and to foreclose their alleged builder's lien upon 31 69-100 acres of land, including the house occupied as a homestead by the defendant.

The plaintiffs, by an amended petition, alleged that the legal title of the land was in L. W. Morris, and do not show what relation said Morris sustains to the defendant, nor does the petition make L. W. Morris a party defendant, and alleges that the note was given for a bill of lumber bought of the plaintiffs, and used in constructing improvements on the land, with full knowledge and consent of said L. W. Morris.

The petition alleged that the defendant purchased the lumber and used it in the construction of the house occupied by the defendant as a homestead.

The petition alleged no other facts than these to create, or to fix and secure, a lien for material furnished under the statute which provides for such liens.

The defendant filed a general demurrer and general denial.

The cause being submitted to the court without a jury, the court rendered judgment for the plaintiffs for the amount of the note, and decreed the foreclosure of the lien claimed by the plaintiffs, with an order for sale and execution, from which judgment the defendant appealed, and assigns as grounds of error:

1. That the court erred in rendering judgment of foreclosure of the lien claimed by the plaintiffs on the premises described in the petition, upon the evidence and case made out by the pleadings.

2. That the judgment of foreclosure is contrary to law and the evidence.

3. That the court erred in holding that the plaintiffs had a lien on the premises described in their petition, and in giving judgment of foreclosure therefor, on the evidence in the case.

That which purports in the record to be a statement of facts is not signed by counsel for either of the parties nor by the judge who presided at the trial. On the margin is endorsed, "approved January 22, 1877," which is not subscribed to by any person whomsoever.

Notwithstanding the meagreness of the petition in its allegations as to the facts which are essential to fix and secure a lien of this character, it did allege in general terms, in effect, that the note was "secured by builder's lien in the terms of the law," * * * "that the said note, executed as aforesaid for the purchase of said lumber, is secured by a builder's lien on said house and the land upon which said house is erected," proceeding to describe particularly the said land. No other exceptions were taken to the petition than by general demurrer, which was not presented to the court for its action, and it is to be deemed, therefore, as having been waived. These allegations in the petition are sufficient at least in arrest of judgment to support a verdict and judgment decreeing the foreclosure and enforcement of the alleged lien, although such general averments would have been obnoxious to special exceptions, as was held in Sedwick v. Patterson in an opinion by us at this term.

There being no statement of facts in the record, the presumption is that the evidence was sufficient to warrant the judgment (see 2 Texas, 447; ibid, 292; 5 Texas, 512; 1 Texas, 192; ibid, 93); and in the absence of a statement of facts, everything will be presumed to have been proved by the successful party which could have legally been proved under the issues to entitle him to recover. (Peel v. Schofield, decided at the Galveston term, 1882, in which case it was also decided that a paper copied into the record, which is neither signed by the judge, counsel nor the parties, cannot be considered as a statement of facts.)

If the pleadings of the plaintiff, therefore, are sufficient to main-

tain the judgment, there would exist no impediment, under the settled practice of the Supreme Court, to the affirmance of the judgment.

But the plaintiffs' petition, as amended, negatives their right to a decree subjecting the property in question to their supposed lien. Where there are no pleadings to support the judgment, it will be reversed, although there are no statement of facts or bill of exceptions. (24 Texas, 202; 40 Texas, 374; 48 Texas, 38.)

The plaintiffs' petition, as amended, in terms, excludes the idea of defendant's right to the property in question, for it is alleged that it belonged to L. W. Morris, and no authority is alleged to have been given by the owner to the defendant to bind the house and land, or either of them, by a contract which should create a builder's lien upon them.

If L. W. Morris was occupying the relation of wife to the defendant (which, however, is not alleged), the property being her separate property, as admitted, her interest in it, and her rights concerning it, will not be affected by the husband's contract for improvements to be put upon it. The general rule which prescribes the mode whereby the wife's separate estate may be affected by contract, applies to contracts for improving her separate property, as well as to other contracts contemplated by the statute regulating marital rights. (Warren v. Smith, 44 Texas, 247; and see McGee v. White, 23 Texas, 180.)

Neither would the alleged knowledge and acquiescence of the wife have the effect to bind her separate estate. (Thomas v. Williams, 50 Texas, 270; and see Parke v. Willard, 1 Texas, 350.) The relation which the husband sustained to the property as a homestead, and his consequent interest in it, are consistent with the supposition that he bought the lumber upon his individual credit upon the faith of the liability of community property, or of his own separate property, to discharge the debt. The knowledge, silence, and acquiescence of the wife, under the facts presented, do not imply a fraudulent misleading of the plaintiffs by her to their injury. But, as has been remarked, the amended petition does not indicate any relationship between L. W. Morris and the defendant. Said Morris being a stranger and the exclusive owner of the property in question, and there being no other privity between him and the parties contracting for the lumber than his mere knowledge and acquiescence in such sale of lumber, there is afforded no basis upon which to charge him with pecuniary liability nor to subject his es-

tate to a lien for the payment of the debt of another; besides, no decree to sell his land could properly be made without his being made a party defendant in this suit.

Upon the record, as presented, there could have been no evidence legitimately before the court to warrant the judgment. In view of the fact that the plaintiffs may be able, on another trial, to present other facts in their case entitling them to relief, it is thought better to reverse the judgment and remand the cause for further proceedings, than to render finally the judgment here which ought to have been rendered in the court below.

This course indicates what we consider to be the proper disposition of this appeal.

Report of Commissioners of Appeals examined, their opinion adopted, and judgment reversed and cause remanded.—GOULD, C. J.